[L. A. No. 9401. Department Two.—June 26, 1928.]

JESSIE GUILLOZ, Appellant, v. IDA J. PARKINSON, Respondent.

E. J. Miller for Appellant.

Stewart & Stewart for Respondent.

SHENK, J.—The plaintiff is the daughter and the defendant is the sister of Charles A. Parkinson, who died testate on April 7, 1921, in the county of Los Angeles. The will of the decedent, bearing date March 18, 1921, was admitted to probate on the ninth day of the following May. The decedent left as heirs at law his widow, who resided in Michigan, two sons and the plaintiff. The will acknowledged the marital relationship of the testator, made certain bequests to his children and designated the defendant herein as the residuary legatee and devisee. Certain real estate located in Fresno, Hollywood, and in the city of Detroit had been acquired by the decedent and at the time of his death the title to the Fresno and Detroit properties stood of record in the name of the defendant and the title to the Hollywood property stood in the name of the decedent. In connection with the purchase of the Hollywood property the escrow instructions provided for the transfer of the title thereto to Charles A. Parkinson and Ida J. Parkinson as tenants in common, but through some inadvertence the deed signed by the grantors was in form a grant deed with Charles A. Parkinson named as the sole grantee. Before this deed was recorded the same was altered by the notary who took the acknowledgment of the grantors without the latter's consent, so as to cause the grantees therein to appear as provided for in the escrow instructions. The defendant herein brought an action to have said deed reformed so as to conform to the escrow instructions, but she

was unsuccessful in that litigation. The court decided in that case that the plaintiff therein, the defendant herein, was entitled to no legal or equitable relief with reference to said deed so as to give her any right, title or interest in or to said property. The effect of that litigation was to cause the Hollywood property to be inventoried in the estate of the decedent. In the course of probate it was sold and the defendant herein became the purchaser for cash.

The plaintiff, joining with others interested, commenced a proceeding to revoke the probate of the will of the decedent on the ground that the same was void as having been procured through the exercise of undue influence on the mind of the testator by the defendant herein. This contest resulted in the denial of any relief to the contestants and the order refusing to revoke the probate of the will was affirmed on appeal (*Estate of Parkinson,* 190 Cal. 275 [213 Pac. 259]). An order of the probate court granting to the surviving widow a family allowance was also affirmed on appeal (*Estate of Parkinson,* 193 Cal. 354 [224 Pac. 453]).

Under date of April 19, 1921, the defendant executed a deed quitclaiming to the plaintiff all of her right, title and interest in and to the Detroit property. Later on the defendant brought an action against the plaintiff in Wayne County, Michigan, to have it declared that said deed was and is void, and that action is still pending.

Following the affirmance by this court in February, 1923, of the order refusing to revoke the probate of said will the plaintiff brought the present action to have it declared that, notwithstanding the residuary clause in said will vesting title in the defendant to the real property of the decedent's estate, the defendant is holding the title to all of said real property as trustee of and for the plaintiff by reason of an alleged promise on the part of the defendant to the testator to convey said real property to the plaintiff, a partial execution of that trust by the quitclaim deed to the plaintiff of the Detroit property and a subsequent renunciation of said trust relationship by the commencement of the action in Michigan and the assertion by the defendant of ownership in and to all of said real property. The plaintiff in this action prays that all of said real properties be impressed with the alleged trust, that instruments be exe-

cuted by the defendant conveying title thereto to the plaintiff and that the defendant be restrained from prosecuting said suit to set aside the deed in Detroit.

After a protracted trial on the merits the court found against the plaintiff on all of the material issues and rendered judgment accordingly. From that judgment this appeal is taken.

The greater part of the voluminous briefs of the plaintiff constitute an argument as to the weight of the evidence bearing upon the issue of the alleged trust relationship. The trial court permitted wide latitude in the introduction of evidence and was painstaking in the consideration of the case. The record discloses inconsistencies in the statements of witnesses for both parties. However, the evidence was conflicting and it is not for this court to resolve the conflict. In order to do so would require us to judge of the credibility of the witnesses. A survey of the record discloses that there is sufficient evidence to support the findings. The validity of the will has been conclusively established. As to the Hollywood property there is no contention that the purchase thereof by the defendant was irregular or that full value was not paid therefor or that the purchase price was not paid into the estate. The judgment in the reformation suit did not purport to adjudicate the rights of the defendant thereto under the will. Under the facts as found by the court and otherwise disclosed by the record, the purchase of that property by the defendant was consummated in order to pay the costs of administration and of litigation in which the estate had become involved.

The defendant has title to the Fresno property either by the sheriff's deed to her following the assignment of the certificate of sale to her by the decedent or under the terms of the residuary clause in the will.

As to the Detroit property the court found that the defendant originally acquired title thereto as security for the repayment of money advanced to the decedent by the defendant and that after repayment had been made the record title was continued in the defendant by the decedent until his death for the express purpose of defrauding his wife. The court further found that it is not true that the

defendant held title to any of the property of the decedent by or through any fraud practiced or committed by her. Both parties to this case appear to concede that the title to that property was continued in the defendant for the purpose of defrauding the wife of the decedent. The court found, however, that the continuation of this record title in the defendant was not because of her wish or desire. The record supports the conclusion that the decedent, by instruments executed by the defendant in 1905, had it within his power to cause the transfer of the title to said property to himself at any time before his death. As to the controversy over this Detroit property the trial court found and concluded that at the time of the death of the decedent the same became a part of his estate. Notwithstanding this finding the court further concluded that it had no jurisdiction to adjudicate with respect to the rights, if any, of the plaintiff and the defendant therein arising out of any transactions between them, and held that the parties must seek their remedy by the litigation in the courts of the state of Michigan. Taken alone and without qualification the latter conclusion might well be questioned, as the court would have the power in a proper case to assume jurisdiction and render judgment *in personam* and control the acts of the parties in regard to properties outside the jurisdiction of California. (*Title Insurance Co.* v. *California Development Co.*, 171 Cal. 173 [152 Pac. 542].) The conclusion of the court that it had no jurisdiction to adjudicate with respect to the rights of the parties hereto in the Detroit property must be considered in the light of the finding and conclusions of the court elsewhere expressed that the defendant did not take or hold said property as trustee for the plaintiff's benefit. As we read the record the court merely concluded that it should not render a judgment *in personam* the effect of which would be to determine the litigation pending in Michigan for the annulment and cancellation of the deed filed of record in that state and thus directly adjudicate the status of the *res,* a question determinable in the forum of the *situs* of the property. If the ruling of the trial court be of broader significance than that here indicated, we cannot say under the circumstances here shown that the ruling was prejudicial

to the appellant in view of what was actually and properly decided by the trial court.

Other points made by the parties need not be discussed. The judgment is affirmed.

Richards, J., and Tyler, J., *pro tem.*, concurred.

Hearing in Bank denied.