PARKINSON v. GUILLOZ.

1. JUDGMENT—RES ADJUDICATA.

In suit by plaintiff as residuary legatee of her brother to cancel deed from her of lots in this State to brother's daughter, executed at his death pursuant to his request, in which suit administrator of brother's estate filed cross-bill to have said lots decreed to belong to brother's estate, decision in another State that plaintiff did not hold title to said lots in trust for brother's daughter is not *res adjudicata* of issues involved.

2. WITNESSES—EXECUTORS AND ADMINISTRATORS—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Testimony of plaintiff was competent in support of cross-bill by administrator of her brother's estate to have lots deeded by plaintiff to brother's daughter at his death pursuant to his request decreed to belong to brother's estate, although it included a transaction equally within knowledge of deceased.

3. DEEDS—VALIDITY—CONSIDERATION.

Where sister, at brother's request, at his death, deeded lots standing in her name but belonging to him to his daughter, said deed, even if without consideration, was good as between grantor and grantee.

4. EXECUTORS AND ADMINISTRATORS—TESTAMENTARY DISPOSITION OF PROPERTY.

Where brother deeded lots to his sister as security for loan which he later paid, her interest in them ceased, and his request that she deed them to his daughter at his death, which she did, was no more than testamentary disposition of them, and they were part of his estate and subject to his debts.

5. SAME—CREDITORS IN STATE ENTITLED TO BE PAID OUT OF PROPERTY IN STATE.

Creditors in this State are entitled to be paid out of deceased's property in this State, and cannot be relegated to an action in another State where his estate was probated.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted April 11, 1930. (Docket No. 88, Calendar No. 34,934.) Decided June 2, 1930.

Bill by Ida J. Parkinson against Jessie Guilloz and Frank J. Ortman, administrator *de bonis non* with will annexed of the estate of Charles A. Parkinson, deceased, to cancel a deed to defendant Guilloz. Cross-bill by defendant Ortman to cancel the same deed to satisfy debts of the estate. From a decree requiring conveyance to defendant Ortman, defendant Guilloz appeals. Modified and affirmed.

*M. Hubert O'Brien* (*Atkinson, O'Brien, Clark & Ortman,* of counsel), for plaintiff.

*Hugh C. Chedester,* for defendant Guilloz.

*Thomas J. Donahue* (*Atkinson, O'Brien & Clark,* of counsel), for defendant and cross-plaintiff Ortman.

FEAD, J.   Plaintiff is a sister of Charles A. Parkinson, who died testate in California in 1921.  Plaintiff was his residuary legatee.  During his lifetime plaintiff had loaned him money and he had given her a quitclaim deed of two lots in Detroit to secure repayment.  The debt was later paid, and Parkinson requested plaintiff to retain title to the premises in her name, and at his death, to convey the lots to his daughter, Jessie Guilloz.  A few days after his death plaintiff deeded the property to the daughter.  Later there was considerable litigation in California between plaintiff and defendant in connection with Parkinson's estate.

Plaintiff brought this action to cancel the deed on the ground that the property belonged to the Parkinson estate and the authority he had given her to convey to Mrs. Guilloz had terminated at his death.  Parkinson's will was probated in California and ancillary probate had in Wayne county, Michigan.  Defendant Ortman was appointed administrator in this State, and, by order of court, was made a party to the suit.  He filed a cross-bill in which he prayed that the lots be decreed to belong to the estate for the payment of debts and expenses of administration.

The original bill was filed in November, 1922, but not by counsel now representing plaintiff.  ¡ The case was heard in May, 1929.  The pleadings are not in the best form.  The procedure has not been strictly in accord with the rules.  The briefs contain statements not shown in the record.  The case is quite scrambled.  Defendant Guilloz raises a number of technical points, but, because the interested parties are before us and Ortman's cross-bill affords an opportunity to settle the controversy, we are moved

to obviate further "law's delay" by sweeping aside the technicalities and passing to the merits.

The evidence consisted of plaintiff's testimony, taken by deposition, and the introduction of records and opinions of the California courts, which are claimed to be *res adjudicata*. In *Guilloz* v. *Parkinson*, 76 Cal. Decisions, 32 (204 Cal. 441, 268 Pac. 635), the court held that plaintiff did not hold the lots in trust for defendant. The decision authorized a personal decree, but expressly recognized that the title to the lots was determinable only by the courts of this State. The decision is not *res adjudicata* here. Plaintiff's testimony was competent, at least in support of the administrator's cross-bill, although it included a transaction within the knowledge of deceased.

Plaintiff's deed to defendant, even if without consideration, was good as between them (*Gale* v. *Gould*, 40 Mich. 515), and conveyed such interest in the property as plaintiff had as legatee. She contends, however, that she deeded to Mrs. Guilloz on her promise that she would not contest her father's will, and that Mrs. Guilloz broke the promise. The claim was not set up in the bill as a ground of cancellation nor proved at the hearing. Plaintiff's bill will be dismissed, with costs.

The administrator, however, is in a different position. Plaintiff originally took only a mortgage interest in the lots. That interest ceased when the debt was paid. The instructions by Parkinson that plaintiff convey to defendant carried no title and contemplated no more than a testamentary disposition of the property. Upon his death, the lots were part of his estate and were subject to his debts. The creditors in this State are entitled to be paid out of the property in this State and cannot be relegated to an action in California.

The decree adjudged that the deed from plaintiff to defendant Guilloz conveyed no interest in the premises and its other provisions were framed upon that basis. It will be modified to set aside the deed only in so far as may be necessary to subject the property to the debts and expenses of administration of the estate. Defendant Guilloz will have costs against plaintiff, and defendant Ortman will have costs against Guilloz.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.