*In re* PARKINSON'S ESTATE.

ORTMAN *v.* GUILLOZ.

1. EXECUTORS AND ADMINISTRATORS—BURDEN OF PROOF—CLAIM AGAINST ESTATE.

   Burden is on judgment creditor to prove balance due it on judgment against estate, and administrator should not have attempted to do so.

2. SAME—ATTORNEY'S FEES—RECORD.

   Probate court properly disallowed $1,250 item in administrator's account for attorney's fees in suit to have certain property decreed to belong to estate, on proof as appears in record.

3. SAME—EXTRAORDINARY SERVICES.

   Item allowed in circuit court to administrator for extraordinary services is set aside, on appeal; amount to be determined at hearing to be hereafter had.

4. SAME—HEARING ON APPEAL FROM PROBATE COURT DE NOVO—COURT RULES—INTENT.

   There was no intention, on adoption of new rules providing for appeal from probate court (Michigan Court Rule No. 55 *et seq.*), to provide that hearing in such case should be other than *de novo.*

Appeal from Wayne; Toms (Robert M.), J. Submitted October 9, 1931. (Docket No. 72, Calendar No. 35,954.) Decided January 4, 1932.

In the matter of the estate of Charles A. Parkinson, deceased, Frank J. Ortman, administrator *de bonis non* with will annexed presented his account for allowance. On objection of Jessie Guilloz, an heir, an order was entered disallowing certain items and

reducing others. Plaintiff appealed to circuit court. From judgment entered, defendant appeals. Reversed, and remanded.

*Atkinson, O'Brien & Ortman,* for plaintiff.

*Hugh C. Chedester,* for defendant.

SHARPE, J. Charles A. Parkinson, at one time a resident of Wayne county, in this State, departed this life in the State of California on April 7, 1921, leaving a last will and testament, in which Ida J. Parkinson was named as residuary legatee. The will was duly admitted to probate in that State. Ancillary administration was afterwards had in the county of Wayne, in which he owned property at the time of his death, and Willis B. Goodenow appointed administrator with the will annexed. Commissioners on claims were duly appointed and notice of the hearing thereof given, but none were filed and he so reported to the court.

In the meantime, a suit was brought in the Wayne circuit court by Ida J. Parkinson against Jessie Guilloz, in which it was sought to have a deed executed by Ida to Jessie set aside and the property described therein decreed to belong to the estate of the deceased. Although begun in 1922, it was not brought on for hearing until May, 1929, when a decree was entered as prayed for in the bill of complaint. Under it, title passed to Ida as residuary legatee. On appeal to this court, the decree was reversed, and the title of Jessie confirmed, except that any indebtedness of the deceased and the expenses of administration were deemed to be a lien thereon. *Parkinson* v. *Guilloz,* 250 Mich. 637. Goodenow, the administrator, intervened in that

suit, but was defaulted for want of an answer. He later resigned, and, on petition of Ida J. Parkinson, Frank J. Ortman was appointed to succeed him. He filed an appearance in the case and an answer and cross-bill by Thomas J. Donahue, his attorney.

On December 10, 1930, Ortman filed his "first account" as administrator in the probate court, and asked for its allowance. In it he acknowledged receipt of $541 on account of "Sale of Larned street property," and claimed disbursements in the sum of $5,338.25. Among the latter items was "J. E. Scripps Corporation, balance of judgment, $1,009.70," and a claim for attorney's fees in the sum of $2,000, and one for $1,500 for extraordinary services rendered by him as administrator. The first two of them were disallowed by the probate court, and the last allowed at $400.

Ortman thereupon took an appeal to the circuit court under Michigan Court Rule, No. 55 *et seq.* Counsel for Jessie Guilloz made a motion to dismiss, which was overruled. The stenographic record of the proceedings in the probate court seems to have been presented to the court. There appears to have been uncertainty in the minds of counsel as to whether additional proof could be then taken under the rule, and the cause was finally submitted on the record as made in the probate court. But a part of this seems to be embodied in the printed record. The trial court allowed the item "Balance of Judgment including interest due J. E. Scripps Corp." at $916.89; allowed attorney's fees in the sum of $1,250, and extraordinary fees of administrator in the sum of $750. From the judgment so entered, Jessie Guilloz has appealed to this court.

Mr. Ortman was the only witness sworn at the hearing. It seems apparent that the allowance of

the balance due on the Scripps judgment was not justified by the proofs. This judgment was entered against Charles A. Parkinson on March 1, 1927, almost six years after his decease, and after hearing "the proofs and allegations of the parties." It also appears that an attachment had been issued in that action and levy made upon the interest of the deceased in what is spoken of as the Larned street property, and that, on partition thereof, his interest was found to be worth more than the amount of the judgment, but that a part of the proceeds was paid to Ortman and is included in his receipts, as above stated. It is insisted by counsel for appellant that the order of distribution in that case was entered by consent of Ortman as administrator; that an attorney fee largely in excess of a proper allowance was awarded to Mr. O'Brien, with whom Ortman was then associated in the law business, and who was then acting therein as attorney for Ida J. Parkinson, and that the purpose of Ortman and O'Brien in consenting to the terms of this order and securing its entry was to create an unpaid balance on this judgment. Upon this record, that question may not be determined. The burden was upon the Scripps Corporation to prove the balance due it on the judgment. Ortman, as administrator, should not have attempted to do so.

The allowance of $1,250 for attorney's fees in the *Parkinson* v. *Guilloz* case cannot be sustained upon the proof submitted. Ortman, as administrator, appeared in that case by Thomas J. Donahue as his attorney. The brief in this court was filed by Mr. Donahue, acting for him, and yet he (Ortman) now makes claim for the services as though rendered by him personally as attorney for the administrator. Without explanation or proof other than ap-

pears in this record, the probate court was justified in disallowing it.

The probate court allowed the administrator $400 for extraordinary services as such. The trial court increased this amount to $750. In view of the fact that the probate judge had access to the files in the case and that the record as here presented is incomplete as to the proceedings then had, in our opinion the allowance of this item should be set aside and determined upon the hearing to be hereafter had. The record contains many statements of counsel which were not evidence, and could be understood only by access to the records of the court.

There was no intent on the part of this court, in the adoption of the new rules, to provide that the hearing in such a case on appeal should be other than *de novo*. There is no general statute providing for the employment of a stenographer in hearings in the probate court, and in most of the counties of the State none are employed.

The appeal from the order of the probate court to the circuit court will be treated as properly made and the cause remanded to that court for a trial of the issues presented on that appeal on their merits. The costs upon the trial had in the circuit court and upon the appeal in this court will abide the result of such new trial and be awarded as the judge of that court shall determine to be just and equitable, in view of the judgment to be entered therein.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.