[Civ. No. 20412.   Second Dist., Div. One.   Jan. 4, 1955.]

GRADY P. HICKS et al., Appellants, v. WILLIAM CORBETT et al., Respondents.

Cornwall & Westwick and Cleve Groome for Appellants.

Ross & Harris for Respondents.

DORAN, J.—This is an appeal from a judgment entered after the sustaining of a demurrer to appellant's first amended complaint without leave to amend.   The first cause of action seeks a rescission of written agreements for the exchange of certain real and personal properties of appellants in Santa Barbara, for real and personal properties of respondents Wil-

liam and Gertrude Corbett, in the state of Washington, based on alleged failure of consideration. Another count sought rescission on the ground of fraud.

Appellants' original complaint in this action set up the fact that on February 8, 1952, appellant Grady Hicks brought an action in the Superior Court of King County, Washington, seeking specific performance of the contract of exchange. The appellees cross-complained in the Washington action, asking for rescission, based on alleged fraud of appellants. Appellant Lydia Joan Hicks was joined as an additional cross-defendant. On June 2, 1952, the Washington court dismissed the cross-complaint for rescission, and decreed specific performance of the contracts of exchange, but as conditions precedent demanded certain performance by appellants within 60 days, providing that on a failure of such performance the court would enter such other judgment as would do justice between the parties.

On September 30, 1952, the Washington court found that the Hicks, now appellants, had not performed the conditions precedent which required the furnishing of title insurance covering the Santa Barbara real estate, and the payment of $2,214.29 to respondent Corbett, and that the latter had been ready, willing and able to convey the Washington real estate to the Hicks.

The Washington court further found that ''in said exchange transaction defendants paid unto plaintiff the sum of $1000.00 cash, paid plaintiffs' real estate commission in the sum of $2,000.00 cash to the broker, Mr. King, and delivered the title to the vessel 'Rambler' to plaintiffs, who in turn sold it to an innocent purchaser for $6,500.00 cash; that defendants did not convey to plaintiffs the King County (Washington) real estate of the value of $5,000.00; that plaintiffs conveyed to defendants' nominee, Peggy Harris, the Santa Barbara property . . . of the approximate value of $5,000.00'' The court then found that the Hicks had ''no claim, right, title or interest in either King County property or the Santa Barbara property,'' and gave judgment against the Hicks in favor of the Corbetts for $4,500. This amount was the difference between a total of $9,500 made up of the $1,000 cash, $2,000 paid to plaintiffs' broker, and $6,500 value of the vessel ''Rambler''; and $5,000 representing the value of the Santa Barbara real estate conveyed by plaintiffs to the defendants' nominee.

The Hicks, now appellants, took no appeal from the Wash-

ington judgment, but some five months later served a notice of rescission of the agreement, and on February 25, 1953, filed the original complaint in the present California action. Respondents' general demurrer to this complaint was sustained, and thereafter an amended complaint was filed which omitted all reference to the former action in Washington. The California court then sustained a demurrer to this amended complaint, without leave to amend, which was followed by the present appeal.

It is appellants' contention that the amended judgment of the Washington court is not res judicata so as to preclude appellants from bringing the present action, and that therefore the trial court erred in sustaining respondents' demurrer to the amended complaint without leave to amend. In this connection appellants argue that the amended complaint superseded the original complaint and that "Therefore, the trial court could not look to the original complaint in making its ruling upon the demurrer to the first amended complaint." It is further claimed that "The amended decree by the Washington Court being without jurisdiction insofar as the California property is concerned, and not being in personam, Respondents herein cannot have any rights thereunder."

Answering these arguments, respondents are correct in the assertion that "The trial court properly referred to the original complaint in ruling on demurrers to the amended complaint." Conceding the general rule that a superseded pleading is *functus officio,* respondents point to an exception thereto as expressed in *Lee* v. *Hensley,* 103 Cal.App.2d 697, 709 [230 P.2d 159], and elsewhere, wherein it is said that "The rule is that a defect in a verified complaint, by reason of an allegation which renders it vulnerable, cannot be cured simply by omitting the allegation without explanation in a later pleading," and that, "Accordingly, the court was fully justified in examining and considering the original complaint."

As heretofore mentioned, appellants' original California complaint alleged the complete history of the Washington action in which a final judgment was rendered against appellants, which allegations were held fatal to the complaint on demurrer. The amended complaint then simply omitted without explanation all mention of the Washington proceedings. Accordingly the trial court was fully justified in considering the allegations of the original complaint. In the language of *Slavin* v. *City of Glendale,* 97 Cal.App.2d 407, 411 [217 P.2d 984], "appellant should not be allowed to breathe life

into a complaint by omitting facts, previously alleged in a verified pleading, which made it fatally defective.''

Appellants' contention that the Washington judgment was void because that court had no jurisdiction to decree that the Hicks had no right, title, interest or claim to the California property, and that therefore was not res judicata barring institution of the present action, cannot be sustained.

■ While it is true that the courts of one state cannot made a decree which will operate to change or directly affect the title to real property beyond the territorial limits of its jurisdiction, ''it is also true,'' as said by the trial court in sustaining the demurrer to appellants' original complaint, ''that the Court may render a personal decree which will be enforceable in another state requiring conveyance of lands lying outside the state of the Court rendering the decree (see *Guilloz* v. *Parkinson*, 204 Cal. 441 [268 P. 635]). . . . In the case of *Redwood Inv. Co.* v. *Exley*, 64 Cal.App. 455 [221 P. 973], it was held that the findings of fact and questions of law adjudicated by the foreign decree are res adjudicata and are conclusive upon the parties even though the foreign decree itself, without actual conveyance of land, would have no operative effect upon the title of the land in question. (See also *Norton* v. *House of Mercy*, 101 F. 382 [41 C.C.A. 396].)

As noted in respondents' brief, the parties hereto entered into a contract for the exchange of property, and appellants, pursuant thereto, conveyed title to the California property to respondents' nominee. Appellants then instituted the Washington action for specific performance of the contract; a full trial was had, and the Washington court adjusted the accounts between the parties by decreeing that appellants should pay to appellees the sum of $4,500 and that under the contract, appellants ''have no claim, right, title or interest in either the Kings County (Washington) or the Santa Barbara property.''

As said in the respondents' brief, ''Thus, it is obvious that the subject matter of the Washington action was not the title to California real estate—it was not an in rem action concerning California property. The Washington action was an in personam action—the subject matter was the contract of exchange and the rights of the parties thereunder. Certainly the Washington Court had jurisdiction of the parties and of the contract.''

■ Under the full faith and credit clause of the United

States Constitution, such a decree of the Washington court must bar a relitigation of the parties, contractual rights in the California courts. In the respondents' words, "Appellants chose to litigate this matter in Washington and secured an adverse decree, they were apparently satisfied that this decree was without error for they did not appeal or in any way try to assert or correct any error in the Washington action. Now they would attempt to impose upon the courts of this state and the defendants again by relitigating the identical matter."

The trial court was not in error in sustaining the demurrer to the amended complaint without leave to amend, and in entering judgment thereon.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 3, 1955.