Filed 2/5/14  Olla v. Wagner CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MARK OLLA,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>ROBERT H. WAGNER et al.,<br><br>      Defendants and Respondents. | B239702<br><br>(Los Angeles County<br>Super. Ct. No. BC404894) |

        APPEAL from a judgment of the Superior Court of the County of Los Angeles, David L. Minning, Judge.  Affirmed.

        Mark Olla, in pro. per., for Plaintiff and Appellant.

        Geraci Law Firm, Josh A. Lazar for Defendants and Respondents.

# INTRODUCTION

Plaintiff and appellant Mark Olla (plaintiff) took three loans from defendants and respondents (defendants) [1] secured by, inter alia, the equity in his Malibu residence so he could purchase a residence in Washington. A year later, when plaintiff could not sell his Malibu residence and repay the loans, he entered into a settlement agreement with defendants under which, inter alia, he released defendants from any claims relating to the loans. Notwithstanding the settlement and release, plaintiff thereafter sued defendants in this action and in Washington based on the loans and settlement agreement. Following a trial in the Washington action, the trial court there, based in part on the settlement and release, entered a judgment in favor of defendants which was affirmed on appeal.

Plaintiff appeals from a subsequent judgment entered in this action following the trial court's order granting defendants' motion for judgment on the pleadings. According to plaintiff, the trial court erred when it determined that all of his claims were barred by the doctrines of res judicata and collateral estoppel because the Washington judgment upon which that determination was based was entered in excess of the Washington trial court's jurisdiction and because neither res judicata nor collateral estoppel apply to the facts of this case. In a consolidated appeal, plaintiff appeals from a postjudgment order awarding attorney fees to defendants.

We hold that because the Washington trial court had jurisdiction to determine the issue upon which the judgment in this action was based, the trial court in this case correctly concluded that plaintiff's claims in this case were barred by the doctrine of collateral estoppel. We further conclude that plaintiff's appeal from the postjudgment order awarding attorney fees was untimely and must be dismissed. We therefore affirm the judgment of the trial court.

---

[1] Defendants and respondents are Robert Wagner, an individual, and Robert Wagner as Trustee for the Robert H. Wagner Money Purchase Pension Plan (defendants). When necessary, the pension plan defendant is separately referred to as the Wagner Pension Plan.

## FACTUAL BACKGROUND[2]

On three separate occasions, plaintiff borrowed money from defendants so he could purchase and move into a residence in the State of Washington (Washington property). The three loans were "bridge loans" secured by the equity in plaintiff's Malibu residence (Malibu property) that allowed plaintiff to purchase the Washington property while he waited for his Malibu property to sell.

The first loan of $1,700,000 closed in October 2007 and became due in full in September 2008. The second loan of $150,000 closed in November 2007 and also became due in full in September 2008. The third loan of $160,000 closed in March 2008 and it too became due in full in September 2008.

The first loan of $1,700,000 was secured by a second deed of trust on the Malibu property and a first deed of trust on the Washington property. The second loan of $150,000 was secured by a third deed of trust on the Malibu property. The third loan of $160,000 was secured by a fourth deed of trust on the Malibu property. Disclosure statements for the loans explained that they were made to enable plaintiff to purchase, move into, and improve the Washington property and that they would be repaid from the proceeds of the sale of the Malibu property and the refinancing of the Washington property.

Almost immediately after the first loan closed, plaintiff began to experience financial difficulties. As a result, plaintiff failed to make any interest payments to defendants on the three loans beyond interest that had been prepaid from loan proceeds at closing.

---

**2**    The facts are taken from the Washington trial court's findings of fact—which findings were affirmed by the Washington Court of Appeals and are found in the exhibits to the motion for judgment on the pleadings under review here—to provide a factual context for the discussion of defendant's jurisdictional challenges and his contentions regarding res judicata and collateral estoppel.

3

In September 2008, the parties began negotiating a settlement. In October 2008, the parties executed a settlement agreement.[3] That agreement provided that plaintiff "has not been able to sell or refinance [his] Properties and the value of such Properties, and any other property constituting security for [his] Loans, is less than the sum of the outstanding principal and accrued interest on such Loans. [Plaintiff] desires to resolve the defaults by executing and delivering to [the Wagner Pension Plan], among other things, deeds to the Properties in lieu of foreclosure. In consideration thereof, [plaintiff] is willing to agree not to sue [the Wagner Pension Plan] for any liability arising under the Loan Documents, all on the terms and subject to the conditions set forth more particularly in this Agreement." In return for the deeds in lieu of foreclosure, defendants agreed to pay plaintiff $65,000 on the Malibu property and $100,000 on the Washington property. The settlement agreement contained a release provision that provided, in pertinent part, that plaintiff "hereby releases and forever discharges [the Wagner Pension Plan], [the Wagner Pension Plan's] agents, attorneys, successors and assigns from all damage, loss, claims, demands, liabilities, obligations, actions and causes of action whatsoever which [plaintiff] might now have or claim to have against [the Wagner Pension Plan], whether presently known or unknown, and of every nature and extent whatsoever *on account of or in any way concerning, arising out of or founded on the* [*the Wagner Pension Plan*] *Loan documents or the* [*the Wagner Pension Plan*] *Loans . . . .*" (Italics added.)

## PROCEDURAL BACKGROUND

Approximately two months after plaintiff executed the settlement agreement, he filed a verified complaint against defendants in the trial court alleging 15 causes of action, *all arising from the bridge loans and the subsequent settlement agreement*. In May 2009, defendants answered the complaint and asserted an affirmative defense alleging that plaintiff's claims were barred by the "doctrine of release."

---

[3] The parties to the agreement were plaintiff and the Wagner Pension Plan.

4

In June 2009, plaintiff filed a verified complaint against the same defendants in Washington. In that complaint, plaintiff alleged that the individual defendant used his superior position as a lender, mortgage broker, and attorney to coerce plaintiff into deeding the Malibu property to defendants to avoid the pending threat of foreclosure. Plaintiff sought rescission of all three bridge loans on the grounds of fraud, deceit, and duress. According to plaintiff, he signed the October 2008 settlement agreement under "abject duress."

In the Washington trial court, plaintiff moved for an expedited fact finding hearing, which motion the court granted. In its order, the Washington trial court stated, "[T]he Court shall issue findings of fact and conclusions of law on the issue of the enforceability of the parties' settlement agreement." The issue proceeded to a three-day bench trial at which plaintiff represented himself. In January 2010, the Washington trial court issued findings of fact and conclusions of law. Among other things,[4] the trial court concluded that "[Plaintiff] has failed to meet his burden of proving all of his remaining claims and causes of action seeking the rescission of the settlement agreement. [¶] The settlement agreement is therefore valid and fully enforceable in its entirety. As a result, all of [plaintiff's] other claims against [defendants] arising out of [defendants'] loans and the subsequent actions of the parties, as described in [plaintiff's] complaint (including but not limited to breach of contract, fraud, fraudulent or intentional deceit, fraudulent business practices, Truth in Lending Act violations, breach of good faith, unjust enrichment, intentional infliction of emotional distress, intentional interference with economic advantage, Consumer Protection Act violations, and defamation) were knowingly and voluntarily released by [plaintiff] as part of the settlement agreement." Based on the findings of fact and conclusions of law, the Washington trial court entered a judgment dismissing all of plaintiff's claims against defendants in the Washington action.

---

[4] The Washington trial court also found that plaintiff planned to sue defendants at the time he executed the settlement agreement, notwithstanding the release, and concluded that plaintiff was estopped by his conduct from pursuing the claims in the Washington action. In addition, the Washington trial court concluded that all of plaintiff's claims against defendants were frivolous.

5

Nevertheless, plaintiff filed an action in the Los Angeles Superior Court relating to the same transactions. In March 2010, defendants in this action filed a motion for judgment on the pleadings arguing, inter alia, that the Washington trial court's determination that the settlement agreement was fully enforceable collaterally estopped plaintiff from relitigating that issue in this action. The trial court denied that motion on the grounds that because plaintiff had appealed from the judgment of dismissal in the Washington action, the Washington trial court's determination in that action concerning the enforceability of that settlement agreement was not final.

In September 2011, the Washington Court of Appeals issued an unpublished opinion affirming the judgment of dismissal entered by the Washington trial court. Based on that opinion, defendants in this action renewed their motion for judgment on the pleadings on the grounds, inter alia, that the release in the settlement agreement barred all of plaintiff's claims against them. In the renewed motion, defendants requested that the trial court take judicial notice of the exhibits submitted in support of the motion, including the Washington trial court's findings of fact and conclusions of law, the Washington judgment, the Washington Court of Appeals opinion affirming the Washington judgment, and the settlement agreement. Following a hearing, the trial court granted the renewed motion and subsequently entered a judgment in favor of defendants. Thereafter, plaintiff filed a notice of appeal from that judgment.[5]

After the judgment was entered, defendants moved for an award of attorney fees seeking $130,676 in attorney fees as the prevailing parties. The trial court granted the unopposed motion and entered a minute order on the attorney fees award on April 2, 2012, notice of which order defendants served on plaintiff on April 6, 2012. On April 27, 2012, the trial court entered a "judgment" on the attorney fees award, and notice of entry

---

[5]    Plaintiff's requests for judicial notice filed January 31 and June 25, 2013, respectively, are denied. Permission to file plaintiff's affidavit regarding fraud upon the court received on June 11, 2013, is denied. Plaintiff's motion to take additional evidence filed June 25, 2013, is denied. Plaintiff's motion seeking additional findings of fact filed June 26, 2013, is denied.

6

of that "judgment" was served on plaintiff on May 10, 2012.  On July 3, 2012, plaintiff filed a notice of appeal from the order awarding attorney fees.

**DISCUSSION**

**A.      Judgment on the Pleadings**

*1.      Standard of Review*

"In ruling on a common law motion for judgment on the pleadings made by a defendant, a trial court determines what has been called a pure question of law (*Donohue v. State of California* (1986) 178 Cal.App.3d 795, 802 [224 Cal.Rptr. 57]; *Goodley v. Wank & Wank, Inc*. (1976) 62 Cal.App.3d 389, 392-393 [133 Cal.Rptr. 83]), but what is in fact a mixed question of law and fact that is predominantly legal:  does the plaintiff's complaint state facts sufficient to constitute a cause of action against the defendant? (*Donohue v. State of California*, *supra*, 178 Cal.App.3d at p. 802; *Goodley v. Wank & Wank, Inc*., *supra*, 62 Cal.App.3d at pp. 392-393.)  In so doing, the trial court generally confines itself to the complaint and accepts as true all material facts alleged therein. (E.g., *Colberg, Inc. v. State of California* ex rel. *Dept. Pub. Wks*. (1967) 67 Cal. 2d 408, 412 [62 Cal.Rptr. 401, 432 P.2d 3].)  As appropriate, however, *it may extend its consideration to matters that are subject to judicial notice.*  (E.g., *ibid*.)  In this, it performs essentially the same task that it would undertake in ruling on a general demurrer.  That is not surprising.  A common law motion for judgment on the pleadings 'ha[s] the purpose and effect of a general demurrer.'  (*Kortmeyer v. California Ins. Guarantee Assn*. (1992) 9 Cal.App.4th 1285, 1293 [12 Cal.Rptr.2d 71]; see *Colberg, Inc. v. State of California* ex rel. *Dept. Pub. Wks*., *supra*, 67 Cal.2d at pp. 411-412.)   [¶]  An appellate court independently reviews a trial court's order on such a motion.  (See *Lumbermens Mut. Cas. Co. v. Vaughn* (1988) 199 Cal.App.3d 171, 178-179 [244 Cal.Rptr. 567]; *Crain v. Electronic Memories & Magnetics Corp*. (1975) 50 Cal.App.3d 509, 512 [123 Cal.Rptr. 419]; cf. 1 Childress & Davis, Federal Standards of Review (2d

7

ed. 1992) § 5.01, p. 5-6 [stating that a federal district court's order on the analogous motion for judgment on the pleadings under rule 12(c) of the Federal Rules of Civil Procedure (28 U.S.C.) is subject to 'review . . . de novo'].) That is certainly proper. Independent review is called for when the underlying determination involves a purely legal question or a predominantly legal mixed question. (E.g., *Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888 [264 Cal.Rptr. 139, 782 P.2d 278].)" (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 145-146, italics added.)

### 2. *Analysis*

#### (a) Jurisdiction

Plaintiff initially argues that the Washington trial court's finding that the settlement and release were enforceable was beyond the subject matter jurisdiction of that court. According to plaintiff, each of his claims in the Washington action was in rem, involving title to the Malibu property in California, such that the Washington trial court had no jurisdiction to adjudicate them. Plaintiff further argues that the Washington trial court lacked subject matter over his declaratory relief claim and that the court also lacked personal jurisdiction over defendants. None of plaintiff's jurisdictional arguments has merit.

Even if the Washington trial court lacked subject matter jurisdiction over plaintiff's other causes of action—a dubious proposition—the court nevertheless had subject matter jurisdiction over the dispositive issue of whether the settlement agreement and release were valid and enforceable as between the parties. That issue—which plaintiff voluntarily submitted to the Washington trial court as part of his claims seeking to rescind the settlement agreement—required a factual determination of a purely contract-based or in personam issue: whether plaintiff executed the settlement agreement and release because of the fraud, deceit, or duress of defendants. Therefore, the Washington trial court had subject matter jurisdiction to determine that issue because it was not, as plaintiff claims, part of an in rem cause of action.

8

In *Hicks v. Corbett* (1955) 130 Cal.App.2d 87, the plaintiffs contended that a Washington judgment was void because that court had no jurisdiction to decree that they had no right, title, interest, or claim to a California property and, therefore, the decree was not res judicata to the plaintiffs' California action. In rejecting the plaintiffs' contention concerning subject matter jurisdiction, the court in *Hicks v. Corbett, supra,* 130 Cal.App.2d 87, at pages 90 and 91, held as follows: "'Thus, it is obvious that the subject matter of the Washington action was not the title to California real estate—it was not an in rem action concerning California property. The Washington action was an in personam action—the subject matter was the contract of exchange and the rights of the parties thereunder. Certainly the Washington Court had jurisdiction of the parties and of the contract.' [¶] Under the full faith and credit clause of the United States Constitution, such a decree of the Washington court must bar a relitigation of the parties['] contractual rights in the California courts. . . . 'Appellants chose to litigate this matter in Washington and secured an adverse decree, they were apparently satisfied that this decree was without error for they did not appeal or in any way try to assert or correct any error in the Washington action. Now they would attempt to impose upon the courts of this state and the defendants again by relitigating the identical matter.'"

Here, the Washington trial court's determination that the settlement agreement and release were fully enforceable was not an in rem determination. It was an in personam determination of a contract-based issue. As such, the Washington trial court had subject matter jurisdiction over the issue. (See *Washington State Board v. Medalia Healthcare L.L.C.* (Wash.App. 1999) 984 P.2d 1041, 1046 ["where the basis of the action is transitory and one over which the court has jurisdiction, the court may hear and determine the action even though the question to title to foreign land may be involved, and even though the question of title may constitute the essential point on which the case depends"]; *In re the Marriage of Kowalewski* (Wash. 2008) 182 P.3d 959, 962-964.)[6]

---

[6] Plaintiff's reference to Code of Civil Procedure section 392, subdivision (a) is unavailing as that section relates to venue of a California action. Plaintiff's cases involving conflicting actions between federal and state courts are not applicable here.

9

Plaintiff's related contention concerning the Washington trial court's subject matter jurisdiction over his declaratory relief claim, as his jurisdictional contentions based on his other causes of action, is unavailing. As explained, the Washington trial court had subject matter jurisdiction to determine the enforceability of the settlement agreement and release, regardless of whether it had jurisdiction over plaintiff's other causes of action.

Plaintiff's contention that the Washington trial court lacked personal jurisdiction over defendants is also meritless. Plaintiff voluntarily filed suit in Washington and defendants voluntarily appeared in that action and participated in the litigation of, inter alia, the issue of the enforceability of the settlement agreement and release. Therefore, any contention concerning a lack of personal jurisdiction in Washington has been waived. (See *Donaldson v. National Marine, Inc.* (2005) 35 Cal.4th 503, 512 [accepting service and making a general appearance in a case waives any objection based on personal jurisdiction]; see also *Kubey v. Travelers' Protective Assn. of America* (1920) 109 Wash. 453, 456.)

(b)      Collateral Estoppel

Plaintiff contends that the trial court erred when it concluded that he was collaterally estopped from relitigating the issue of whether the settlement agreement and release were enforceable, which issue the Washington trial court determined against plaintiff after three days of trial. "Collateral estoppel is a distinct aspect of res judicata. '"The doctrine of res judicata gives conclusive effect to a former judgment in subsequent litigation between the same parties involving the same cause of action. A prior judgment for the plaintiff results in a merger and supersedes the new action by a right of action on the judgment. A prior judgment for the defendant on the same cause of action is a complete bar to the new action. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 147–148, pp. 3292–3293.) Collateral estoppel . . . involves a second action between the

---

Based on these conclusions, we do not address plaintiff's various other contentions concerning subject matter jurisdiction (such as venue in Washington) because each such contention is based on causes of action that we do not need to consider.

10

same parties on a different cause of action. The first action is not a complete merger or bar, but operates as an estoppel or conclusive adjudication as to such issues in the second action which were actually litigated and determined in the first action. (*Id.*, § 197, at p. 3335.)" (*Preciado* v. *County of Ventura* (1982) 143 Cal.App.3d 783, 786-787, fn. 2 [192 Cal.Rptr. 253].)' (*Rymer v. Hagler* (1989) 211 Cal.App.3d 1171, 1178 [260 Cal.Rptr. 76] (*Rymer*).)" (*Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 866-867.)

"'Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. [Citation.] Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.]' (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 [272 Cal.Rptr. 767, 795 P.2d 1223], fn. omitted (*Lucido*).)" (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511.)

Plaintiff maintains that the Washington trial court's determination that the settlement agreement was enforceable did not satisfy the elements of res judicata or the collateral estoppel doctrine because the causes of action and remedies sought in the Washington action were different than the claims and remedies sought in this action. Even if the claims and remedies sought in the Washington action were different than those in this action, the dispositive issue litigated in the Washington action—the enforceability of the settlement agreement—was identical to the issue raised by plaintiff's quiet title claim and defendants' release defense in this action. A threshold and necessary issue to be determined in connection with that claim and defense was whether the settlement agreement and release were enforceable—the identical issue determined by the Washington trial court. That issue was actually litigated in the Washington action, at plaintiff's request, during a three-day trial and it was necessarily decided in that action as

11

reflected in the Washington trial court's findings of fact and conclusions of law. And, because the Washington Court of Appeals affirmed the Washington's trial court's judgment, the determination of the issue was final and on the merits. Finally, the party against whom preclusion was sought here, plaintiff, was the same party against whom the Washington trial court determined the issue.

Because the elements of the collateral estoppel doctrine were satisfied here, the trial court did not err in concluding that (i) plaintiff was prevented from relitigating the enforceability of the settlement agreement and (ii) the release in that agreement operated as a bar to all of the claims in plaintiff's complaint because each such claim was based on the bridge loans and had been released as part of the settlement. We therefore affirm the order granting judgment on the pleadings and the judgment entered thereon.

## B. Timeliness of Appeal From Attorney Fees Award[7]

On April 2, 2012, the trial court entered a postjudgment minute order awarding attorney fees to defendants. Defendants served a notice of entry of the foregoing minute order on April 6, 2012. Plaintiff's notice of appeal from the postjudgment order awarding attorney fees was filed on July 3, 2012, over 60 days from the April 6, 2012, notice of entry of the order awarding attorney fees.

The record, however, also contains a document entitled "Judgment on the . . . motion . . . for an award of attorney fees" that was filed April 27, 2012. Defendants served a notice of entry of the April 27, 2012, "judgment" on May 10, 2012.

Given that a postjudgment order awarding attorney fees is a final, separately appealable order (see *Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693), the appeal from the trial court's postjudgment order awarding attorney fees

---

[7] Because the parties did not raise the timeliness issue concerning the appeal from the postjudgment order awarding attorney fees, we requested briefing on the issue. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1432 ["'Whenever there is doubt as to whether we have jurisdiction to hear an appeal, we must raise that issue on our own initiative"].)

12

was untimely because the notice of appeal was filed more than 60 days from the service of the April 6, 2012, notice of entry of the minute order awarding attorney fees. (Cal. Rules of Court, rule 8.104(a)(1)(B) [notice of appeal must be filed 60 days after party filing notice is served with notice of entry of judgment].) The April 2, 2012, postjudgment order awarding attorney fees was final and appealable when made because that order resolved all issues between the parties on the collateral matter of defendants' entitlement to attorney fees as prevailing parties. (See *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 303-304 [judgment or order is final and therefore appealable if it disposes of all issues between the parties and leaves nothing further to litigate.) Therefore, the subsequently entered April 27, 2012, "judgment" and the May 10, 2012, notice of entry of that "judgment" had no effect on the timing of the appeal. (See *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 [once final, appealable order has been entered, time to appeal begins to run and cannot be restarted by entry of subsequent order or judgment on the same issue]; *Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1594 [there can only be one final judgment in a single action].)

**DISPOSITION**

The judgment of the trial court is affirmed.  Defendants shall recover costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MOSK, J.


We concur:


TURNER, P. J.


KRIEGLER, J.


14