[Civ. No. 15889.   First Dist., Div. One.   June 9, 1954.]

CARMELA OWENS, Appellant, v. MANUELA TRAVERSO et al., Respondents.

Mancuso, Herron & Winn and Edward T. Mancuso for Appellant.

Ferrari & Ferrari and Theodore Cicoletti for Respondents.

PETERS, P. J.—Plaintiff appeals from a judgment based upon an order sustaining a demurrer without leave to amend to her sixth amended complaint. The sixth amended complaint, considered alone, undoubtedly states a cause of action, good, at least, against a general demurrer. But the original complaint, the amended complaint, and the second and third amended complaints, all verified, alleged facts that were destructive of any cause of action. The fourth and fifth amended complaints omitted these facts, without explanation. The sixth amended complaint likewise omitted these facts, and alleged an insufficient explanation of why they were omitted. Thus, we are presented with the following problem: When prior verified complaints contain allegations that are destructive of any cause of action, can the defect be cured by omitting such allegations in complaints subsequently filed, without a proper explanation as to why the prior allegations were omitted? ▮ The answer must be that, although prior complaints are normally superseded by subsequent ones, and should be disregarded, a pleader cannot cure a defect in a verified complaint by simply, without legal explanation, omitting such allegations from subsequently filed pleadings. In such a case the original defect infects the subsequent pleading so as to render it vulnerable to a demurrer.

From all of the pleadings these underlying facts can be ascertained: Manuel Santos died on November 12, 1949, leaving as his heirs his son, Jose Santos, two daughters, Manuela Traverso and Carmela Owens, and two grandchildren who are children of a predeceased daughter. Carmela Owens is the plaintiff and Manuela Traverso and her husband are the defendants. The complaints generally allege that after Manuel Santos had suffered two strokes in 1947, he went to live with the Traversos; that he lived with them from December 5, 1947, until his death on November 12, 1949; that sometime during this period he sold certain real property for $24,500, which property he had bequeathed by a then existing will to all of the heirs equally; that after the sale he gave the Traversos the $24,500 received from the sale of this property, and also made a codicil to his will in which he recited that he had given the money to the Traversos in con-

sideration of their promise to care for him the rest of his life; that the codicil also provided that if this transaction, for any reason, was found to be invalid then, as a special legacy, the $24,500 was bequeathed to the Traversos absolutely. It is the right to this fund that is here involved.

The last and sixth amended complaint alleges that when this money was delivered to the Traversos, Manuel instructed them, and they agreed, to hold it subject to an oral trust to pay it to designated beneficiaries, including plaintiff, upon Manuel's death. Repudiation of this claimed oral trust is properly alleged, and this complaint seeks to enforce that trust, and to secure punitive damages. This pleading contains this allegation: "That this plaintiff had in prior complaints in this action alleged the existence of a fraudulent codicil to a will which was done in anticipation of certain defenses; that said allegations are not set forth in this complaint as they were not originally necessary to state a cause of action when pleaded and are not necessary now and are not a part of this complaint."

A common count and a cause of action for conversion of personal property, based on the same transaction, are alleged. Without analyzing these allegations in detail, it can be stated that this complaint, standing alone, although subject in several respects to a special demurrer, states a proper cause of action good against a general demurrer for the breach and enforcement of an oral trust.

The original complaint was based on a basically different theory. It alleges, in several forms, a cause of action based on fraud and undue influence exerted by defendants on Manuel to induce him to execute the codicil to his will whereby Manuel "left the sum of Twenty Four Thousand Five Hundred Dollars ($24,500.00) to said defendants to the exclusion of his other children." It is alleged that plaintiff discovered this codicil upon its filing for probate in November, 1949. There is no allegation that plaintiff or any other person contested the admission of this codicil to probate.

There are other allegations to the effect that an intimate and confidential relationship existed between defendants and Manuel which permitted defendants to dominate and control his actions; that this control was exerted by defendants to poison the mind of Manuel against his other children; that this was done as part of a scheme or plan to secure the major portion of Manuel's estate; that in pursuance of this plan de-

fendants induced Manuel to execute the codicil in question; that such codicil was secured by fraudulent representations made to, and undue influence practiced on, Manuel.

In this complaint the allegations in reference to the codicil were an integral part of the cause of action attempted to be pleaded. The theory of this original complaint is that the decedent was induced to execute the codicil and so transfer the $24,500 to defendants by the fraud and the undue influence of defendants. The objections to this disposition related to the manner of securing the execution of the codicil. Obviously, such a pleading was subject to demurrer because it is alleged that the codicil was filed at the time of decedent's death when plaintiff first learned about it but its execution was not challenged at that time in the probate court. That was the proper court and time to attack the due execution of the codicil. Clearly, the probate determination bars any further attack on the due execution of the codicil.

Thus, the allegations in reference to the codicil were indispensable to the cause of action pleaded in the original complaint. Even if this complaint hinted at the trust theory as an additional ground of recovery, this would not aid plaintiff. Once having pleaded the outright transfer of the funds to defendants by virtue of the recitations contained in the codicil, plaintiff could not ignore these facts and attempt to state an alternative cause of action based on the theory that the funds were given to defendants subject to restrictions. If such an alternative cause of action is hinted at in the original complaint, it is infected and controlled by the more specific facts contained in the first cause of action. The proper rule was stated in the recent case of *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 328 [253 P.2d 659] : "Furthermore, although a plaintiff may plead inconsistent counts or causes of action in his complaint [citing a case] even where, as here, it be verified, if there are no contradictory or antagonistic facts . . . *Beatty* v. *Pacific States S. & L. Co.* (1935), 4 Cal. App.2d 692, 697 [41 P.2d 378] . . ., we are in accord with the view stated by the court in the Beatty case that the rule was not 'intended to sanction the statement in a verified complaint of certain facts as constituting a transaction in one count or cause of action, and in another count or cause of action a statement of contradictory or antagonistic facts as constituting the same transaction. In short, the rule does not permit the pleader to blow both hot and cold in the same complaint on the subject of facts of which he purports to

speak with knowledge under oath.' Here the more specific facts affirmatively alleged in the third cause of action . . . must be accepted as precluding our construing the more general and negative allegations of the fifth cause of action. . . ."

The original complaint, therefore, was subject to a general demurrer. So was the amended complaint, which merely repeats, substantially, the allegations of the original complaint.

The second amended complaint does not allege how the codicil came to be executed, except that it is averred that plaintiff did not discover the codicil and the fraudulent intent of defendants to deprive her of her share of the estate until after the death of her father when the codicil was filed with the will of the testator. Allegations also appear to the effect that the $24,500 was paid to defendants on their promise to distribute it at decedent's death to the heirs, including plaintiff, and that, at such death, defendants claimed it was a gift.

The third amended complaint elaborates on these allegations, and incorporates the codicil as an exhibit. The codicil recites that the testator was "not acting under duress, menace, fraud, misrepresentation or the undue influence of any person," that he has sold certain property mentioned in his will and therefore revokes that paragraph, and then states: "*Second*: I hereby declare that I have paid to my daughter Manuelita Traverso, also known as Manuela Traverso, and to her husband, Henry J. Traverso, the sum of Twenty-four Thousand Five Hundred and No/100 Dollars ($24,500.00)'' received from the sale of the property above mentioned "in consideration of their taking care of me and providing a home for me with them for the rest of my life.

"*Third*: In the event the said transaction . . . should, for any reason whatever, be declared invalid, or in the event that the said sum . . . or any part thereof, should eventually be considered a part of my estate, I hereby give, devise and bequeath as a special legacy the said sum of Twenty-four Thousand, Five Hundred and No/100 Dollars ($24,500.00), or whatever portion thereof might constitute part of my estate, to my said daughter . . . and to her husband . . . as joint tenants. . . . ''

All four of these complaints are basically predicated upon the claimed fraud in inducing the decedent to execute the

codicil, and, because no attack was made on the codicil in the probate court, were subject to demurrer in this action.

The fourth and fifth amended complaints are based solely on the theory that defendants received the $24,500 upon their promise to distribute the fund on decedent's death to all the heirs—in other words, on the repudiation of an oral trust. The execution of the codicil is not mentioned. Thus, the fourth, fifth and sixth amended complaints stated a good cause of action based on the theory of the breach of an oral trust. But the first four pleadings were demurrable because the attack was on the due execution of the codicil, an attack that should have been made in the probate court. If that codicil stands, the questioned fund belongs to the Traversos absolutely.

On this state of the pleadings, plaintiff urges that we should consider only the allegations of the sixth amended complaint, and disregard the first four complaints, on the ground that subsequent pleadings supersede earlier ones, and the earlier ones cannot and should not be considered in determining whether the last complaint states a cause of action. It is undoubtedly a general rule of law that an amended pleading takes the place of the original, and that thereafter the superseded complaint performs no function as a pleading. (*Darsie* v. *Darsie,* 49 Cal.App.2d 491, 493 [122 P.2d 64]; *Puchta* v. *Rothman,* 99 Cal.App.2d 285, 291 [221 P.2d 744]; *Viera* v. *Viera,* 107 Cal.App.2d 179, 180 [236 P.2d 630]; *O'Brien* v. *O'Brien,* 50 Cal.App.2d 658, 661 [123 P.2d 877].) But to this general rule there is an equally well settled exception. This exception is to the effect that if in the prior verified complaint there are allegations destructive of the cause of action, the defect cannot be remedied by simply omitting, in subsequently filed pleadings, without proper explanation, such allegations. *Lee* v. *Hensley,* 103 Cal.App.2d 697, 709 [230 P.2d 159], states this exception as follows: "The rule is that a defect in a verified complaint, by reason of an allegation which renders it vulnerable, cannot be cured simply by omitting the allegation without explanation in a later pleading. [Citing cases.] Facts once alleged cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. Accordingly, the court was fully justified in examining and considering the original complaint. [Citing a case.]

"In *Slavin* v. *City of Glendale,* 97 Cal.App.2d 407, 411 [217 P.2d 984] . . . , the court adopted the language: '. . . "ap-

pellant should not be allowed to breathe life into a complaint by omitting facts, previously alleged in a verified pleading, which made it fatally defective.'' ' '' (See also *Uchida Inv. Co.* v. *Inagaki,* 108 Cal.App.2d 647, 654 [239 P.2d 644].) This rule is here applicable.

This exception to the general rule is subject to the limitation that if a proper explanation is offered in the amended pleading for the omission therein of the facts alleged in the prior pleading, the amended pleading is not vulnerable because of the facts alleged in the prior pleading.    Plaintiff contends that this case falls within this limitation, relying on the explanation contained in the sixth amended complaint and quoted in the first part of this opinion. This so-called explanation is to the effect that the allegations in reference to the codicil contained in the earlier complaints were inserted ''in anticipation of certain defenses'' and ''were not originally necessary to state a cause of action.'' This alleged explanation is contrary to the facts. As already pointed out, the first four complaints were based on fraud and undue influence alleged to have been exerted by defendants in securing the execution of a codicil to the will. Thus, the references to the codicil were not inserted merely in anticipation of a defense, and were necessary to state a cause of action. Thus, the so-called explanation is no explanation at all.

The two additional causes of action set forth in the sixth amended complaint—the common count and the count for conversion of the personal property—are admittedly based on the same transaction set forth in the first count. Under well settled principles the second and third counts were therefore subject to the same objections as the count in which the transaction was alleged in detail. (*Hays* v. *Temple,* 23 Cal. App.2d 690, 695 [73 P.2d 1248] ; *Crane* v. *Livingston,* 98 Cal. App.2d 699, 702 [220 P.2d 744].)

For the foregoing reasons the demurrer to the sixth amended complaint was properly sustained without leave to amend.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.