[Civ. No. 8506.   Third Dist.   Feb. 16, 1955.]

RUBY L. McDONALD et al., Appellants, v. STATE OF CALIFORNIA et al., Respondents.

Desmond, Miller & Artz and H. D. Jerrett for Appellants.

Robert E. Reed, Norris J. Burke, Harry S. Fenton, Russell S. Munro and Robert F. Carlson for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment of dismissal entered upon an order sustaining a demurrer to a second amended complaint without leave to amend in an action against the state and certain of its officers and employees for their alleged destruction of appellants' right of direct access to a state highway in Solano County.

Appellants are the owners and the lessees of certain parcels of real property abutting upon the western boundary of a public road known as Plumas Street which was originally a county road 40 feet in width. Sometime prior to 1943 the state constructed a major highway known as State Highway Road X, Solano 7-G and U. S. 40, which adjoined and paralleled said Plumas Street on its eastern boundary. No physical barrier was then erected on the common boundary of the two thoroughfares so that there existed free and direct access between said state highway and appellants' respective properties by crossing over Plumas Street at any point thereon. However, in 1948 the state constructed a reinforced concrete wall in Plumas Street 4 feet high and extending for its length from Solano Street to Alabama Street, between which two intersections appellants' properties lie. The wall was built approximately 11 feet in from the easterly boundary of Plumas Street, thereby reducing its width in front of appellants' properties from 40 to 29 feet and preventing passage between said properties and the state highway except by traveling on Plumas Street to the next intersection in either direction. Appellants maintain that, as a result, their properties have been damaged, as all direct access therefrom to the state highway

between Solano and Alabama Streets has been destroyed, thereby making it more difficult to reach their properties.

The first amended complaint alleged that appellants' properties abutted on Plumas Street, a county road, and that prior to respondents' construction of the wall in that street, appellants were "accustomed to and did enjoy, the open, free, and unobstructed light, view, and direct access to and from said Plumas Street and directly across the same to and from the major public highway known as State Highway Road X, Solano 7-G and U. S. 40, which state highway immediately adjoined and paralleled said Plumas Street for the entire length of said Plumas Street between Solano and Alabama Streets in said county." Substantially identical allegations were contained in the original complaint as filed. A demurrer to the first amended complaint was sustained on the ground that it appeared from the allegations thereof that appellants' properties abutted on Plumas Street, and not on the state highway, and, therefore, appellants had no abutters' rights thereto. Appellants thereupon amended their complaint by omitting any reference to Plumas Street and alleging that their properties "abutted upon a certain public road known as California State Highway X, Solano 7-G, U. S. 40," that respondents erected the concrete wall "on the right of way of said highway," and that as a result thereof appellants lost their former, free and unobstructed view and direct access to and from all portions of said state highway. Contrary to the allegations of the second amended complaint, the trial court held that appellants were not owners of property abutting on the state highway because the original and first amended complaints showed that Plumas Street lay between appellants' properties and the state highway. Therefore, respondents' demurrer to the second amended complaint was sustained without leave to amend.

Upon this appeal from said judgment, appellants tacitly concede that their causes of action sounding in inverse condemnation are dependent upon their being owners of properties which abut on the state highway to which they claim the right of direct access. They claim that, as a matter of law, they are such owners. They contend that not only did they so allege in the second amended complaint but that they are such in fact.

Appellants first argue that the trial court, in ruling on the demurrer to the second amended complaint, could not consider the allegations that their properties fronted on Plumas Street,

which were contained in the superseded, prior pleadings. They rely upon cases such as *Collins* v. *Scott,* 100 Cal. 446, 453-454 [34 P. 1085] ; *Sheehy* v. *Roman Catholic Archbishop,* 49 Cal.App.2d 537, 541-542 [122 P.2d 60] ; and *Meyer* v. *State Board of Equalization,* 42 Cal.2d 376, 384-385 [267 P.2d 257], holding that a pleading is suspended by an amended pleading. Therefore, they maintain that the trial court was bound by the allegation of the second amended complaint that their properties abutted on the state highway. With this contention we do not agree.

A prior pleading may be referred to where an amendment thereof consists of merely omitting, without explanation, substantive allegations which rendered the prior pleading fatally defective. (*Slavin* v. *City of Glendale,* 97 Cal.App.2d 407, 410-411 [217 P.2d 984] ; *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].) As already noted, the location of appellants' properties in relation to the state highway is determinative of their alleged status as owners of property abutting thereon. If the allegation in the original and first amended complaint that appellants' properties fronted on Plumas Street was destructive of the causes of action predicated on such properties abutting on the state highway, the defect could not be remedied by the simple device of omitting such allegation in the second amended complaint without adequate explanation. (*Owens* v. *Traverso,* 125 Cal.App.2d 803, 808 [271 P.2d 164].) No explanation for such omission was pleaded. Therefore, the trial court properly considered all the pleadings in determining whether or not the appellants could state a cause of action based on their owning properties which abut on the state highway to which they demand direct access.

Appellants insist that Plumas Street was incorporated into the state highway by virtue of a resolution therefor which was passed by the State Highway Commission on September 24, 1945. Their position, as stated in their briefs, is that "prior to construction of Highway 40 their property abutted on Plumas Street only; that after Highway 40 was laid down parallel to and immediately adjacent to Plumas Street, their abutment was to one widened public way, and thus rights of access extended to every point on said way; that with the passage of a resolution in September of 1945 the entire widened public way became a freeway—and Plumas Street as such officially ceased to exist." That is, they insist that their rights as

owners of property abutting on Plumas Street extend over and onto the state highway which was constructed immediately adjacent and parallel thereto and without any intervening barrier.

The referred to resolution was general and authorized condemnation of needed lands. We must assume that any contemplated, formal condemnation of Plumas Street by the state was not completed, else appellants would not be here suing in inverse condemnation. Any rights of appellants must rest upon a finding that by the construction of the state highway it and Plumas Street merged into one public thoroughfare to the whole of which appellants' rights as owners of property abutting on the original county road attached. Despite separate ownership of Plumas Street and the state highway, in the limited sense of state and county ownerships of public ways, for all practical purposes, due to contiguity, they constituted a single avenue for public travel until 1948 when the state erected the complained of wall in Plumas Street. However, appellants do not complain of the fact that the wall was placed within the original surface area of the county road rather than upon its common boundary with the state highway. They claim only that their abutters' rights in the state highway have been damaged. Apparently, they would as strenuously object to the maintenance of the wall if it were upon the actual roadbed of the state highway as they do to the obstruction in its present location. Thus, the real issue presented is whether or not the appellants, upon the construction of the state highway, *ipso facto* acquired a right to have no barrier erected between said state highway and that portion of Plumas Street upon which their properties abutted. We have been cited no persuasive authority on this question, but have concluded that no such right arose. If the state highway had not been built, appellants' rights as abutting property owners would have been limited to the original 40-foot roadbed of Plumas Street, and any extension thereof made by the county. It could not be urged that if a private road had been built contiguous to Plumas Street, appellants' rights as abutting property owners would have extended thereto. So far as such rights are concerned, there seems no legal or logical reason for making a distinction because of the fact that the state, rather than an individual, constructed the highway adjoining Plumas Street, to which appellants' abutting property rights had theretofore been restricted. It is not, and cannot be, argued that the con-

struction of the state highway in any manner damaged appellants' properties or impaired their abutting rights in Plumas Street. Nor do we believe that appellants could have raised any legal objection to the state's constructing the state highway in such manner that a natural barrier intervened between it and the eastern boundary of Plumas Street. Neither could complaint have been made if at the time of construction of the highway the state had erected a wall upon its common boundary with Plumas Street. At the time of the construction of the highway it was not incumbent upon the state to furnish appellants direct access thereto by placing no barrier between it and the boundary of Plumas Street. What the state could legally do in 1943 it could do with equal impunity in 1948. Appellants do not claim the acquisition of any prescriptive rights. It is true that prior to 1948 they enjoyed the gratuitous benefit of direct access to the state highway by way of crossing Plumas Street. However, the state was not obligated to afford them such access when it constructed the highway. Its failure to do so then would not have been compensable. It had not become so by the mere passage of time.

Turning now to the nuisance counts, we will again use the pleading of Ruby McDonald for purposes of discussion. All these counts set forth the same facts. It is alleged that she owns the property described in the first count and that it abuts upon the state highway, and that she has enjoyed unobstructed light, view and access to all portions of that highway; that on March 1, 1948, the state constructed the wall described hereinbefore along the highway and 29 feet east of her property line, with the result that her previously enjoyed rights of light, view and access to and from the main-traveled portion of the state highway were destroyed, lessening the value of her property. We have already held that insofar as these allegations count upon abutters' rights in the state highway they count upon that which as a matter of law does not exist. But the question still remains whether or not the erecting of this wall in Plumas Street, thus cutting off all use of that street except as to the 29-foot portion west of the wall, constituted a nuisance of which she could complain without reliance upon abutter's rights in the highway. Examining her allegations with this narrowed scope in mind, we find that she alleges that the light and view which her property previously enjoyed was materially decreased by construction of the wall and that the wall has made it "extremely difficult

for said plaintiff and her tenants, her prospective customers and guests to reach and leave or see her said real property and improvements erected thereon.'' It must be said that narrowing Plumas Street between Solano and Alameda Streets from 40 feet to 29 feet could not decrease either light or view, for it is not alleged, and we think could not be honestly alleged, that the 29-foot roadway is not ample to admit travel in both directions for those who desired to pass that way. Plaintiff has no special right in any particular flow of traffic and since there is ample room for traffic to move in both directions along the narrowed street we hold the pleading shows no compensable damage from the construction of the wall so far as light and view be concerned. The allegations that it is extremely difficult for herself and her tenants and guests to leave or reach her property is likewise inadequate to show damage to her for the same reasons we have discussed concerning the alleged interference with light and view. It is not alleged that traffic cannot move in both directions and the allegation that it is extremely difficult for persons to reach her property cannot stand as an allegation of fact in view of the allegation that she has an uninterrupted and unimpeded public way 29 feet wide in front of her property and extending from Solano to Alameda Streets, at which points traffic can enter the state highway. ██ It is not every interference with the use of public ways that can constitute either a taking or a public nuisance. The state and the county in the proper exercise of their powers are permitted to do many things in the regulation of traffic. (*People* v. *Sayig*, 101 Cal.App.2d 890 [226 P.2d 702]—the erection of a permanent island in the middle of the highway was declared to be noncompensable as being within the police power of the state. See also *Holman* v. *State*, 97 Cal.App.2d 237 [217 P.2d 448]—the construction of a dividing strip in a state highway within said power. See also *Beckman* v. *City of Stockton*, 64 Cal.App.2d 487 [149 P.2d 296]—where, by reason of grade separation, plaintiff was compelled to use a street narrowed to 31 feet and limited to one-way traffic, ·the court holding that such facts as a matter of law would not support a judgment for damages for unlawful interference with abutters' rights in the public way.) ██ We hold that as a matter of law the erection of the wall was not the creation or maintenance of a nuisance.

For the reasons herein given the judgment is affirmed.

Peek, J., and Schottky, J., concurred.