[Civ. No. 16352.   First Dist., Div. Two.   July 26, 1955.]

HENRY F. KANGIESER, Appellant, v. HOWARD A.
ZINK et al., Respondents.

Morgan & Beauzay for Appellant.

Robert E. Michalski, City Attorney (Palo Alto), for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment of non-suit in an action for false arrest and false imprisonment. The action was tried only against the chief of police of the city

of Palo Alto and the company which furnished his official bond.

Appellant suffered a paralytic stroke at about 8 a. m. while driving to work in his truck. He lost the use of his legs, hip and voice. He was unable to take his foot off the gas pedal so he turned off the ignition and drove his truck into a gasoline station. He remained there helpless in his truck until about 10 a. m. when the proprietor of the station called the police. A police officer answered the call and from appellant's appearance concluded that he was intoxicated. He was arrested and taken to the Palo Alto police station where he was booked on a charge of violating section 502, Vehicle Code (driving while intoxicated). The police officer got permission from the respondent Zink, as chief of police, to take appellant to the Palo Alto Hospital for a blood-alcohol test, and this was done. The blood specimen was taken by a technician who came to the police car for that purpose. Appellant was then locked up in a cell where he remained until 6 p. m. when he was released to his brother and taken to a hospital. During his confinement appellant was not taken before a magistrate although there was one in the same building.

The parties are agreed that under *Michel* v. *Smith*, 188 Cal. 199 [205 P. 113] and the cases which have since followed it, a chief of police is not personally liable for the tortious acts of his subordinates "unless he has directed such acts to be done or has personally co-operated therein." Later cases have added to the statement the word "countenanced" so as to place liability on the superior officer if he "has directed or countenanced the tortious acts . . . or has cooperated therein." (*Noack* v. *Zellerbach*, 11 Cal.App.2d 186, 188 [53 P.2d 986] ; *Reed* v. *Molony*, 38 Cal.App.2d 405, 410 [101 P.2d 175].)

We need not concern ourselves with the question whether the original arrest was legal because there is no showing in the record that respondent Zink at any time knew of the circumstances surrounding that arrest. Without such knowledge he could not be said to have "countenanced" it or "cooperated" in it.

Appellant's main argument is that in any event the failure to bring him before a magistrate from about 10 a. m. to 6 p. m. was sufficient to raise a jury question as to whether he was brought before a magistrate without unnecessary delay as required by Penal Code, section 849. Such unreasonable delay would make his confinement false imprisonment. (*Kaufman* v. *Brown*, 93 Cal.App.2d 508 [209 P.2d 156].)

The trial court found that there was no substantial evidence in the record which would support a finding that respondent Zink cooperated in or countenanced the delay in bringing appellant before a magistrate. With this conclusion we agree.

Appellant relies upon the following facts developed in the testimony to establish a case for the jury on the question whether respondent Zink countenanced or cooperated in the failure to bring appellant before a magistrate: 1. the authorization to take appellant from the jail for a blood test; 2. the fact that at some time during his incarceration appellant testified that Zink saw him in the jail cell and smiled at him; 3. testimony of statements made afterward by Zink that they had made a mistake; 4. the refusal of Zink to permit an investigator to see the police records or to disclose the name of the arresting officer; 5. respondent Zink did not reprimand the officers involved; 6. an equivocal answer by Zink to the question "it was part of the job of the Chief of Police to see that the men were taken to the magistrate to be told what they were charged with, was it not?" to which Zink replied: "Always they are supposed to be taken before the magistrate, yes."

None of the evidence enumerated under numerals 1 to 5 shows that Zink had any knowledge while appellant was in jail that he had not been brought before a magistrate. Without evidence of such knowledge the jury could not find that he either countenanced or cooperated in the failure to bring him before a magistrate. The answer to the question under numeral 6 was not responsive. Zink simply stated the generality that prisoners are supposed to be brought before a magistrate without stating that it was his duty in all cases to see that this was done. Counsel did not pursue the question further and there is other evidence that this duty actually rested on the superintendent of police, one Atwood. We are satisfied that appellant did not make a case to go to the jury against respondents.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.