[Civ. No. 6022. Fourth Dist. Mar. 3, 1960.]

ELIZABETH C. PAYNE, Appellant, v. LEORA E. BENNION et al., Respondents.

596

Clarence H. Wilson for Appellant.

Maddox, Abercrombie, Kloster & Jacobus for Respondents.

COUGHLIN, J.—On January 7, 1958, the plaintiff, as the surviving widow and sole heir at law of Roy A. Payne, who died on January 10, 1957, commenced this action to recover damages for his allegedly wrongful death. Her verified complaint alleged that, at all times mentioned therein, the defendant Bennion was employed by the defendant Jacobus, as Superintendent of Schools of the County of Kings, in the capacity of supervisor of rural schools, and was acting in her capacity as such supervisor; that the said Bennion negligently operated her automobile proximately causing an accident which resulted in the death of Mr. Payne; and that plaintiff duly filed a claim with the defendant Jacobus, as such superintendent of schools, on April 10, 1957. The claim in question was verified and stated that Bennion was an employee of Jacobus as Superintendent of Schools, in the capacity of supervisor of rural schools, and that Bennion was acting within the scope of her employment as such supervisor at the time the accident in question happened.

The defendants demurred to this complaint. After hearing, the demurrer of the defendant Jacobus was sustained without leave to amend, and the demurrer of the defendant Bennion was sustained with leave to amend within 10 days.

Within the 10 day period the plaintiff moved the court for permission to file an amended complaint against both defendants, setting forth two causes of action. The first cause of

action alleged that Bennion was employed by Jacobus, as Superintendent of Schools, in the capacity of supervisor of rural schools, and contained averments respecting this employment which are considered hereafter; that the defendant Bennion was acting as such supervisor at the time of the accident in question; and that plaintiff filed a claim with the defendant Jacobus on April 10, 1957. Other proper allegations of negligence, proximate cause and damage were included. The second cause of action incorporated the allegations of the first cause of action with certain exceptions. The allegations respecting the relationship between the defendant Bennion and the defendant Jacobus were limited to a statement that the former was employed by the latter, as such superintendent, in the capacity of supervisor of rural schools under the authority of sections 9505 and 9515 of the Education Code. The allegation in the first cause of action, that at the time of the accident the defendant Bennion was acting within the scope of her employment, was omitted. To the contrary, in the second cause of action the plaintiff alleged on information and belief that, at the time of the accident in question, the defendant Bennion was not acting in her capacity as such supervisor.

On October 30, 1958, the court made its order denying plaintiff's motion for permission to file the foregoing amended complaint.

On December 11, 1958, the court entered judgment in favor of the defendants and against the plaintiff, reciting the order sustaining the demurrer of the defendant Jacobus without leave to amend and the failure of the plaintiff to file an amended complaint within the time prescribed by the order sustaining the demurrer of the defendant Bennion with leave to amend. From this judgment the plaintiff appeals.

The primary question for determination on appeal is whether the trial court abused its discretion in denying leave to file plaintiff's amended complaint. Disposition of this question requires a decision as to whether the proposed amended complaint, under the circumstances, stated a cause of action against either of the defendants.

The defendant Jacobus contends that he is not liable for any damage caused by the negligence of the defendant Bennion. He relies on the general rule that a "public officer is not responsible for the acts or omissions of subordinates properly employed by or under him, if such subordinates are not in his private service, but are themselves

servants of the government, unless he has directed such acts to be done or has personally cooperated therein,'' or ''unless the appointing officer fails to exercise reasonable care in the selection of the appointee.'' (*Michel* v. *Smith*, 188 Cal. 199, 201, 202 [205 P. 113].) This is an exception to the doctrine of respondeat superior and has no application to actions for damages resulting from the personal faults of a public officer even though the misconduct of a subordinate may be a contributing factor. (*Fernelius* v. *Pierce*, 22 Cal.2d 226, 234 [138 P.2d 12].) The foregoing general rule has been applied to various employees of public officers. (*County of Placer* v. *Aetna Cas. etc. Co.*, 50 Cal.2d 182 [323 P.2d 753]—clerk appointed by justice of the peace; *Hilton* v. *Oliver*, 204 Cal. 535, 539 [269 P. 425, 61 A.L.R. 297]—employee appointed by trustees of irrigation district; *Sarafini* v. *City & County of San Francisco*, 143 Cal.App.2d 570 [300 P.2d 44]—police officer acting under police lieutenant; *Kangieser* v. *Zink*, 134 Cal.App.2d 559 [285 P.2d 950]—police officer appointed by chief of police; *Marshall* v. *County of Los Angeles*, 131 Cal. App.2d 812 [281 P.2d 544]—employee of sheriff; *Abrahamson* v. *City of Ceres*, 90 Cal.App.2d 523 [203 P.2d 98]—police officer appointed by chief of police; *Reed* v. *Molony*, 38 Cal. App.2d 405, 409 [101 P.2d 175]—special investigator employed by State Medical Board; *Downey* v. *Allen*, 36 Cal.App. 2d 269 [97 P.2d 515]—police officer appointed by chief of police; *Van Vorce* v. *Thomas*, 18 Cal.App.2d 723 [64 P.2d 772]—deputy marshal of municipal court appointed by marshal; *Bower* v. *Davis*, 13 Cal.App.2d 678 [57 P.2d 574]—police officer appointed by chief of police; *Noack* v. *Zellerbach*, 11 Cal.App.2d 186 [53 P.2d 986]—deputy fish and game commissioner appointed by members of fish and game commission; *Shannon* v. *Fleishhacker*, 116 Cal.App. 258, 261 [2 P.2d 835, 3 P.2d 1020]—park superintendent, assistant park superintendent and manager of playground appointed by members of park commission; *Whiteman* v. *Anderson-Cottonwood Irrigation District*, 60 Cal.App. 234 [212 P. 706]—employee of irrigation district appointed by directors of district.)

A so-called exception to this general rule is noted in cases involving the relationship of sheriff and deputy sheriff. (*Foley* v. *Martin*, 142 Cal. 256 [71 P. 165, 75 P. 842, 100 Am.St.Rep. 123]; *Black* v. *Bringhurst*, 7 Cal.App.2d 711 [46 P.2d 993]; *Silva* v. *MacAuley*, 135 Cal.App. 249 [26 P.2d 887, 27 P.2d 791].) The basis for this exception is that the ''deputy is

not the agent or servant of the sheriff but is his representative, and the sheriff is liable for his acts as if they had been done by himself." (*Michel* v. *Smith,* 188 Cal. 199, 202 [205 P. 113]; *County of Placer* v. *Aetna Cas. etc. Co.,* 50 Cal.2d 182 [323 P.2d 753].) The foregoing described relationship between the sheriff and his deputy has been referred to as a fiction. (*Van Vorce* v. *Thomas,* 18 Cal.App.2d 723, 725 [64 P.2d 772].) In substance, it is held that the deputy is acting in the private service of the sheriff and in his name and stead. A test to distinguish between the status of a subordinate of a public officer acting as a servant of the government and that of such subordinate acting in the former's private service is noted in a later statement of the general rule that "public officers are not civilly liable for torts of deputies, when the latter are themselves statutory officers or not under the superior's unrestricted control or right of hiring and discharge." (*People* v. *Standard Accident Ins. Co.,* 42 Cal.App.2d 409, 411 [108 P.2d 923]; *County of Placer* v. *Aetna Cas. etc. Co.,* 50 Cal.2d 182, 188 [323 P.2d 753].) It is upon this later statement of the rule that plaintiff based her cause of action against Jacobus as Superintendent of Schools, contending that Bennion, as Supervisor of Rural Schools, was under the superintendant's "unrestricted control or right of hiring and discharge." Rather than extending the deputy sheriff exception, the later statement of the general rule points out a limitation on the application of that exception. A deputy sheriff appointed by the sheriff from a selected list subject to civil service regulations is not within the so-called exception. A sheriff is not liable civilly for the torts of such a deputy. (*Lorah* v. *Biscailuz,* 12 Cal.App.2d 100 [54 P.2d 1125].) This limitation is expressly recognized by statute. Insofar as pertinent, section 1953.6 of the Government Code provides:

"No officer of a county ... shall be personally liable for the negligent act or omission of any deputy or employee serving under him and performing the duties of his office, where the appointment or qualification of such deputy or employee is required to be and has been approved by the local governing body or board of supervisors, or by the civil service commission ..."

It is not the intention of this code section to impose liabilities upon a public officer but, rather, to define a limitation on his liability because it further provides: "Nothing in this code section shall be interpreted as placing any liability upon the principal officer for the act of a deputy or employee unless

such liability is otherwise imposed upon the principal officer by law. . . .'' (Gov. Code, § 1953.6.)

The whole tenor of the development of the law in the area under consideration has been to restrict the application of the so-called exception to the general rule. ▮ "A sound public policy supports the general rule of non-liability of superior public officers for the torts of inferior civil service officers and employees and exceptions to that rule should not be extended; otherwise the assumption of public office with liability for the misdeeds of inferiors occupying civil service positions, many times numbering thousands, would indeed be a hazardous undertaking.'' (*Fernelius* v. *Pierce*, 22 Cal.2d 226, 246 [138 P.2d 12]—concurring opinion by Shenk, J.)

The proposed amended complaint in this action alleges that Jacobus, as Superintendent of Schools, employed Bennion in the capacity of Supervisor of Rural Schools under the authority of sections 9505 and 9515 of the Education Code; that this employment was approved by the county board of education; that Bennion was under the control of and received orders from and was the employee of Jacobus and was not an employee of the county board of education; that Bennion was paid by Jacobus, as superintendent, from the county school services fund which was subject to his exclusive control and jurisdiction. ˙Plaintiff claims that these allegations bring her case within the so-called exception, i.e., the deputy-sheriff exception; that Bennion was under the superintendent's "unrestricted control or right of hiring and discharge.'' ˙

▮ The employment of a supervisor by a superintendant of schools, authorized by sections 9505 and 9515 of the Education Code, is subject to the approval of the county board of education and to the regulations of the Superintendent of Public Instruction; is limited to a period not to exceed four years (Ed. Code, § 370); and is further limited to qualified personnel whose qualifications are defined by the provisions of that code (Ed. Code, §§ 9506, 9517, 12133), and who hold a valid credential issued by the State Board of Education pursuant to standards fixed by that board. (Ed. Code, § 12142.) This credential is subject to revocation by the State Board of Education in a manner provided by law (Ed. Code, § 12752); and also for designated causes. (Ed. Code, §§ 12754-12756.) Also, supervisors are subject to registration provisions adopted by a county board of education. (Ed. Code, § 12200.)

▮ In conformity with former decisions, it is our opinion

that the general rule under consideration applies to the relationship between the superintendent of schools and a supervisor appointed by and acting under him; that the deputy sheriff exception to the general rule should not be extended to that relationship; and that such a supervisor is a servant of the government and not of the superintendent. The conclusions of law alleged in the proposed amended complaint in this case, which might support a contrary opinion, properly were disregarded by the trial court. The proposed amended complaint did not state a cause of action against the defendant Jacobus as he was not liable for the negligent acts of Bennion under the circumstances therein related.

The defendant Bennion contends that her demurrer to the original complaint properly was sustained, because the allegations therein respecting liability state that she was negligently driving her automobile while acting in the course of her employment as a public employee but did not state that a verified claim was filed with her as required by section 1981 of the Government Code; that plaintiff's motion for permission to file a proposed amended complaint, which omitted the allegation that the alleged negligent driving occurred while she was acting in the course of her employment as a public employee, properly was denied because the omission of the allegation in question, without explanation, did not cure the defect in the original complaint; and that judgment in her favor properly was entered because plaintiff had not filed an amended complaint within the time permitted by the order sustaining her demurrer to the original complaint.

Section 1981 of the Government Code provides, whenever it is claimed that any person has been injured as a result of the negligence of a public employee, occurring during the course of such employment, a verified claim for damages shall be filed with the employee within 90 days after the accident has occurred. A claim for damages arising out of a death caused by such an accident is within the foregoing provision. (*Ward* v. *Jones,* 39 Cal.2d 756, 759 [249 P.2d 246].) Compliance with these code requirements is a prerequisite to suit against the employee upon such a claim. (*Veriddo* v. *Renaud,* 35 Cal.2d 263, 264 [217 P.2d 647].) A complaint which fails to allege such compliance fails to state a cause of action. (*Ward* v. *Jones,* 39 Cal.2d 756 [249 P.2d 246]; *Huffaker* v. *Decker,* 77 Cal.App.2d 383, 386 [175 P.2d 254]; *Henry* v. *City of Los Angeles,* 114 Cal.App.2d 603, 604 [250 P.2d 643].)

 The defendant Bennion's demurrer to the original complaint herein properly was sustained.

 The second cause of action in the proposed amended complaint alleges that Bennion was employed by Jacobus, as Superintendent of Schools, in the capacity of supervisor of rural schools, and also alleges, on information and belief, that Bennion was not acting in her capacity as such supervisor at the time of the accident in question. There is no allegation of the filing of any verified claim as required by the Government Code. Plaintiff claims that this second cause of action is based on an act of negligence which did not occur while Bennion was acting as a public employee and, for this reason, the lack of any allegation respecting the filing of a verified claim is of no consequence; that she has a right to set up inconsistent causes of action, i.e., the first charging Bennion with negligence while acting as a public employee and the second charging negligence while not acting as a public employee. The defendant Bennion counters by referring to the allegations in the original verified complaint that the negligent act which caused the accident took place while she was acting in her capacity as a public employee, and contends that the plaintiff's claim is foreclosed by the rule stated in *Wennerholm* v. *Stanford University Sch. of Medicine*, 20 Cal.2d 713, 716 [128 P.2d 522, °141 A.L.R. 1358], where the court said, ''If any verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured simply by omitting the allegation, without explanation, in a later pleading.''

The foregoing rule was applied to facts analogous to those in the case at bar in *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407, 411 [217 P.2d 984], and in *Pike* v. *Archibald*, 118 Cal. App.2d 114 [257 P.2d 480]. The rule also has been applied in *Owens* v. *Traverso*, 125 Cal.App.2d 803, 808[271 P.2d 164]; *Hicks* v. *Corbett*, 130 Cal.App.2d 87, 89 [278 P.2d 77]; *McDonald* v. *State*, 130 Cal.App.2d 793, 797 [279 P.2d 777]; *Bollotin* v. *California State Personnel Board*, 131 Cal.App.2d 197, 202 [280 P.2d 509]; *Rogers* v. *Bank of America*, 140 Cal. App.2d 228, 230 [294 P.2d 959]; *Campbell* v. *Campbell*, 157 Cal.App.2d 548, 554 [321 P.2d 133]; and *Tostevin* v. *Douglas*, 160 Cal.App.2d 321, 327 [325 P.2d 130].

 The aforesaid rule ''is subject to the limitation that if a proper explanation is offered in the amended pleading for the omission therein of the facts alleged in the prior plead-

ing, the amended pleading is not vulnerable because of the facts alleged in the prior pleading." (*Owens* v. *Traverso,* 125 Cal.App.2d 803, 809 [271 P.2d 164].) ▮▮▮ However, plaintiff offered no explanation which would authorize the court to disregard her former verified statement that the defendant Bennion was acting in the course of her duties as a supervisor of rural schools at the time of the accident in question. The proposed amended complaint contains the same defects as the original complaint and does not state a cause of action.

The problem before this court does not involve the plaintiff's right to plead inconsistent causes of action, but the effect of her pleading inconsistent facts, under oath, without offering any explanation regarding such inconsistency. (*Beatty* v. *Pacific States Sav. & Loan Co.,* 4 Cal.App.2d 692, 696 [41 P.2d 378].)

Under the circumstances in this case, there was no abuse of discretion in denying plaintiff's motion for permission to file her proposed amended complaint. (*Tognazzi* v. *Wilhelm,* 6 Cal.2d 123, 127 [56 P.2d 1227]; *Dawson* v. *Martin,* 150 Cal.App.2d 379, 381 [309 P.2d 915].)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied March 28, 1960, and appellant's petition for a hearing by the Supreme Court was denied April 26, 1960. Peters, J., was of the opinion that the petition should be granted.