[Civ. No. 7228.   Fourth Dist.   May 27, 1963.]

ALBERT C. ARTHUR, Plaintiff and Appellant, v. OCEAN-SIDE-CARLSBAD JUNIOR COLLEGE DISTRICT et al., Defendants and Respondents.

Holt, Macomber & Graham, Pearlson & Pearlson and Herbert D. Pearlson for Plaintiff and Appellant.

Bertram McLees, Jr., County Counsel, James E. Miller and David B. Walker, Deputy County Counsel, for Defendants and Respondents.

COUGHLIN, J.—This is an action for injunctive and declaratory relief by which the plaintiff, appellant herein, seeks to set aside the selection of a junior college site, made by the

board of trustees of a junior college district, which is one of the defendants and respondents herein, and to require that board to select his property for such a site. The trial court sustained a general demurrer to the plaintiff's first amended complaint, without leave to amend; granted the defendants' motion to strike that complaint on the ground that it was a sham pleading; and entered a judgment of dismissal with prejudice. The plaintiff appeals; claims that his amended complaint alleges facts which show (1) that the board failed to comply with the statutory requirements prerequisite to an exercise of its authority and (2) that its action was fraudulent, arbitrary and capricious, was taken in bad faith, and constituted a "manifest abuse of discretion"; and contends that such a showing entitles him to the relief requested.

The selection of a school site by a school board of trustees involves an exercise of legislative and discretionary action (Ed. Code, § 15002; *Nickerson* v. *County of San Bernardino,* 179 Cal. 518, 522 [177 P. 465]; *County of San Mateo* v. *Coburn,* 130 Cal. 631, 635 [63 P. 78, 621]; *San Bernardino Fire & Police Protective League* v. *City of San Bernardino,* 199 Cal.App.2d 401, 416 [18 Cal.Rptr. 757]; *Sinclair* v. *State of California,* 194 Cal.App.2d 397, 406 [15 Cal.Rptr. 493]); is not subject to judicial review unless the board fails to follow prescribed procedures (*Berkeley High School Dist.* v. *Coit,* 7 Cal.2d 132, 137-138 [59 P.2d 992]; *Glide* v. *Superior Court,* 147 Cal. 21, 23 [81 P. 225]; *San Bernardino Fire & Police Protective League* v. *City of San Bernardino, supra,* 199 Cal.App.2d 401, 416; *Potter* v. *City Council,* 102 Cal.App. 2d 141, 145 [227 P.2d 25]); or its action was fraudulent, arbitrary, or capricious (*Gogerty* v. *Coachella Valley Junior College Dist.,* 57 Cal.2d 727, 730 [21 Cal.Rptr. 806, 371 P.2d 582]; *Rible* v. *Hughes,* 24 Cal.2d 437, 445 [150 P.2d 455, 154 A.L.R. 137]; *Berkeley High School Dist.* v. *Coit, supra,* 7 Cal.2d 132, 137-138); and in a proceeding attacking the same the wisdom, expediency, or reasonableness thereof may not be challenged. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 329 [253 P.2d 659]; *Cranford* v. *Jordan,* 7 Cal.2d 465, 467 [61 P.2d 45]; *Sinclair* v. *State of California, supra,* 194 Cal.App.2d 397, 406; *Ransom* v. *Los Angeles City High School Dist.,* 129 Cal.App.2d 500, 505 [277 P.2d 455]; *Potter* v. *City Council, supra,* 102 Cal.App.2d 141, 145.)

Pursuant to section 15001 of the Education Code the State

Department of Education adopted regulations concerning the approval of school sites, which are a part of article 1, title 5, of the California Administrative Code. Section 2000 thereof directs that "each school district, except districts governed by a city board of education, *before acquiring title* to real property for school use . . . shall:" (a) request a conference with a representative of the department; (b) submit a statement of policy, a map showing designated matters, and a copy of a report from the planning commission as required by Education Code section 15004; and (3) secure departmental site approval. (Italics ours.) Section 2001 of the Administrative Code details certain factors for departmental consideration in evaluating a proposed site.

Section 15004 of the Education Code requires the governing board of a school district *"before acquiring property* for a new school site" to give the planning commission having jurisdiction notice of the proposed acquisition; directs the commission to investigate, report and recommend respecting the same; provides that the board shall not acquire the proposed site until the commission's report has been filed; and prohibits acquisition until the expiration of 30 days thereafter, if the report is adverse. (Italics ours.)

The instant controversy involves two proposed junior college sites. One of them, known as the Rainbow Ranch, which was rejected, is owned by the plaintiff; and the other, which was selected, is known as the Sonya Henie property.

The plaintiff's first amended complaint alleges, with respect to those facts which are pertinent to the issues at hand, that on April 10, 1962, the board adopted a resolution directing acquisition of the Sonya Henie property by donation, purchase or condemnation; that it had decided to select this property for the proposed junior college site on October 6, 1961; that at the time the board made this selection it did not have any information concerning the evaluation of the Sonya Henie property in relation to the standards set forth in section 2001 of the Administrative Code, did not request a conference with a representative of the Department of Education, and did not furnish the department with a map as required by section 2000 of that code; that the board has not known the reasonable market value of the Sonya Henie property "as the result of the taking of an appraisal by a qualified appraiser"; that in making such selection the board did not

take into consideration a comparison between that property and the Rainbow Ranch property, nor did it consider which of the two properties would be best suited for a proposed junior college site; that prior to October 6, 1961, the board had caused an election to be called for October 17, 1961, at which the electors were to decide whether bonds should be issued and sold to raise money to purchase such a site, and had made its selection as aforesaid ''solely and only for the purpose of having the bond issue voted upon favorably by the electorate,'' and had caused its selection to be made known to the electors in the district who, thereafter, voted favorably upon the bond issue; that before the selection had been made, i.e., on October 6, 1961, the board had considered a number of prospective sites, including the Rainbow Ranch property but not the Sonya Henie property, and in the course thereof had requested and obtained reports from experts which evaluated them in accord with the factors listed in section 2001 of the Administrative Code, and indicated that the Rainbow Ranch property was the most suitable; and that, also before October 6, 1961, the board had requested and received bids from the owners of these prospective sites, including the plaintiff, but not from the owner of the Sonya Henie property.

The defendants demurred to the first amended complaint and moved to strike the same as sham. At the time of the hearing on these matters the defendants produced and the court considered certain documents which were a part of the records of the defendant school district, *viz.*, (1) a certified copy of excerpts from the minutes of the December 18, 1961, meeting of the Oceanside Planning Commission, i.e, the zoning agency involved, which demonstrated that the defendant board had given the commission notice of its intention to acquire the Sonya Henie property for a school site, that the commission had made an investigation, that its findings were favorable, and that it had adopted a motion to send a report incorporating these findings to the district, all in accord with the requirements of section 15004 of the Education Code; (2) certified copies of a letter from the district to a representative of the Department of Education declaring the former's desire to acquire the Sonya Henie site, together with a legal description and map, as required by Administrative Code section 2000, and of a letter from the Department of Education to the district approving acquisition of that site; and (3) a certified copy of the board's resolution of April 10, 1962, de-

claring its intention to acquire the Sonya Henie property and directing that appropriate procedures be taken to effect such a course. The purpose of presenting these documents to the court was to enable it to take judicial notice of facts pertinent to the issues at hand which were reflected in the records of the school district. ■ In determining the sufficiency of a complaint a court should consider those facts of which it has judicial notice, even though they are not pleaded. (*Hammell* v. *Britton*, 19 Cal.2d 72, 75 [119 P.2d 333]; *Livermore* v. *Beal*, 18 Cal.App.2d 535, 539-541 [64 P.2d 987].) "The rule is well settled that a complaint otherwise good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective." (*Watson* v. *Los Altos School Dist.*, 149 Cal.App.2d 768, 771 [308 P.2d 872].) ■ It is proper to present to the court certified copies of records of which it may take judicial notice for the purpose of bringing the contents thereof to its attention. (*Department of Mental Hygiene* v. *Rosse*, 187 Cal.App. 2d 283, 287 [9 Cal.Rptr. 589].)

■ The first amended complaint does not contain allegations establishing any failure upon the part of the defendant trustees to follow the procedures prescribed by law as a prerequisite to an exercise of its authority in the premises. The Administrative Code regulations and the Education Code section to which the plaintiff directs attention prescribe procedural requirements preceding *acquisition of title* to property for a school site, whereas the plaintiff's complaint is directed to the action of the board which resulted in its choice of such a site. Of necessity, the selection of a site was a condition precedent to compliance with the procedural requirements in question. The provisions of section 15004 of the Education Code are directed to the acquisition of a particular site; require the board to give the planning commission notice of its intention to acquire the same; and require the commission to investigate and make a recommendation concerning that site. The regulations contained in section 2000 of the Administrative Code direct the board to file with the Department of Education a copy of the report of the planning commission which, as noted, refers to a predesignated site.

Actual board action to acquire title to the Sonya Henie site commenced with the adoption of its resolution of April 10, 1962; the records of the board establish that it had proceeded

in the manner designated by the Administrative and Education Codes prior to the adoption of that resolution; the court takes judicial notice of the contents of these records; and, perforce of these circumstances, the facts before the court thus establish actual compliance with the procedure prescribed by law as a condition precedent to the exercise of the board's authority in the premises. The first amended complaint is wholly lacking in merit on this phase of the case.

This conclusion leaves for consideration the plaintiff's further contention that the allegations in his complaint are sufficient to show that the action of the board in selecting the Sonya Henie site was fraudulent, arbitrary and capricious. In support of this claim attention is drawn to the allegations which show that before October 6, 1961, the board considered, obtained information about, and received bids on a number of sites, including that of the plaintiff, but not including the Sonya Henie property; that on October 6, 1961, the board had no information concerning the evaluation of the latter property in relation to the standards set forth in section 2001 of the Administrative Code and had not undertaken the procedures prerequisite to acquisition of that property for a school site but, nevertheless, decided "to select the Sonya Henie property for the proposed junior college site to be paid for and acquired through and by virtue of the bond issue that was to be voted upon on October 17, 1961," and that its reason for making such selection was "solely and only for the purpose of having the bond issue voted upon favorably by the electorate"; that the electorate was given notice accordingly; that on April 10, 1962, the board adopted a resolution to acquire the Sonya Henie site although it did not know "the reasonable market value . . . [thereof] as the result of the taking of an appraisal by a qualified appraiser"; and that the board did not make a comparison between the plaintiff's property and the Sonya Henie property, nor consider which of these two properties would be best suited for a junior college site. These allegations must be evaluated in conjunction with the facts before the court by virtue of its judicial knowledge of the contents of the board's records which showed that the latter had notified the State Department of Education and the planning commission of its intention to acquire the Sonya Henie property and that each of these agencies approved the site selected. Primarily, the plaintiff's charge of fraudulent, arbitrary and capricious action is based upon his

allegations that prior to the bond election the board selected the Sonya Henie site without having the same information about that property which it had about other sites, including that owned by the plaintiff, and that the only reason it made this selection at this time was to obtain a favorable vote on the bond issue which was essential to acquisition of any site. It is significant that the action of the board at the time in question was preliminary; that it was not required to undertake any designated investigatory procedures prior thereto; that the provisions of section 2001 of the Administrative Code which specify school site standards are directed to the Department of Education, rather than to school boards, as a guide in determining approval; that the board actually had information concerning sites other than the Sonya Henie site but concluded to select the latter because it believed the electorate desired that site. Assuming, because the plaintiff has alleged it to be so, that the sole reason the board selected the Sonya Henie site prior to the bond election was to obtain a favorable vote from the electorate, in determining whether this action was fraudulent, arbitrary or capricious the court must also consider that the electorate voted approval of the bond issue, thus indicating an approval of the site selected, that the planning commission approved the site, and that the State Department of Education approved the site. The choice of such a site because of the reason alleged is not fraudulent, arbitrary or capricious. ■ In determining whether the decision of a school board is reasonable as distinguished from fraudulent, arbitrary or capricious, its action is measured by the standard set by reason and reasonable people, bearing in mind that such a standard may permit a difference of opinion on the same subject. (*Rible* v. *Hughes,* *supra*, 24 Cal.2d 437, 445; *Weiss* v. *State Board of Equalization*, 40 Cal.2d 772, 775-776 [256 P.2d 1] ; *Cranford* v. *Jordan*, *supra*, 7 Cal.2d 465, 467; *Torres* v. *Department of Alcoholic Beverage Control*, 192 Cal.App.2d 541, 545 [13 Cal.Rptr. 531].) Measured by this standard the questioned action of the board constituted a valid exercise of its discretion.

The allegation that the board did not know the reasonable value of the Sonya Henie property "as the result of an appraisal of a qualified appraiser" when, on April 10, 1962, it adopted a resolution of intention to acquire that property, adds nothing in support of the charge of fraudulent, arbitrary or capricious conduct.

■ The additional allegation that the board did not make a comparison between the plaintiff's property and the Sonya Henie property nor consider which of them would be best suited for a junior college site is an attack upon its wisdom rather than its motives. The court may not dictate the method by which a school board should exercise its discretionary authority. (*Child* v. *Warne*, 194 Cal.App.2d 623, 634 [15 Cal.Rptr. 437]; *Sinclair* v. *State of California, supra,* 194 Cal.App.2d 397, 406.) There is no provision in the law which requires it to compare different properties within the district as a condition precedent to the selection of a site. Wisdom may dictate more motivating reasons for choosing a particular site than those revealed by such a comparison.

The plaintiff cites the decision in *Gogerty* v. *Coachella Valley Junior College District, supra,* 57 Cal.2d 727, as controlling in the instant case. However, the facts in the two cases are substantially dissimilar in material aspects. Contrary to the situation in the cited case, the conduct of the defendant board in selecting the Sonya Henie site prior to the bond election did not evidence an intent to refuse a "fair and unbiased consideration" of the reports to be made by the planning commission and the State Department of Education. (*Gogerty* v. *Coachella Valley Junior College Dist., supra,* 57 Cal.2d 727, 732.) The decision relied upon does not support the plaintiff's position.

■ The plaintiff's original complaint was the subject of an order sustaining a general demurrer thereto, without leave to amend. In his amended complaint, which was verified, the plaintiff alleged facts in contradiction of those which he had alleged in his original complaint, which also was verified, without offering any explanation therefor, e.g., (1) in the amended complaint he alleged that the board had obtained reports about and bids for the sale of several proposed sites, including that owned by him, but *not including* the Sonya Henie site, *before* the bond issue election, even though in his original complaint he had alleged that the board had received the foregoing reports and bids *after* the bond election, and that the reports in question *included* a report on the Sonya Henie property, all of which evaluated "the various factors concerning the purchase of real property as a site for the proposed Junior College including location of site, price required to purchase the site, the topography of the site in relation to the proposed structure to be placed thereupon and similar

factors''; and (2) in his amended complaint the plaintiff also alleged that the reason the board decided to select the Sonya Henie site was ''solely and only for the purpose of having the bond issue voted upon favorably'' by the electorate, whereas in his original complaint he had alleged that the board decided to select the Sonya Henie site ''for the sole, basic reason that it is located approximately midway between the Cities of Carlsbad and Oceanside regardless of cost and regardless of other factors, which should be taken into consideration in selecting the proposed site.''

It is obvious that when the trial court sustained the defendants' demurrer to the original complaint, the plaintiff became aware of the principles of law governing the right to a judicial review of the action of a school board; learned that the decisions of such a board involving matters of judgment were not subject to such a review; and thereafter attempted to state a cause of action in accord with the principles heretofore considered. ''Where a verified complaint contains allegations destructive of a cause of action, the defect cannot be cured in subsequently filed pleadings by simply omitting such allegations without explanation.'' (*Lamoreux* v. *San Diego etc. Ry. Co.*, 48 Cal.2d 617, 623 [311 P.2d 1]; *Hicks* v. *Corbett*, 130 Cal.App.2d 87, 89 [278 P.2d 77]; *Owens* v. *Traverso*, 125 Cal.App.2d 803, 804 [271 P.2d 164]; *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407, 410-411 [217 P.2d 984]); or by substituting others inconsistent therewith without explanation. (*Tognazzi* v. *Wilhelm*, 6 Cal.2d 123, 126 [56 P.2d 1227]; *Payne* v. *Bennion*, 178 Cal.App.2d 595, 603 [3 Cal.Rptr. 14]; *Pike* v. *Archibald*, 118 Cal.App.2d 114 [257 P.2d 480]; *Neal* v. *Bank of America*, 93 Cal.App.2d 678, 681-683 [209 P.2d 825].) ''Facts once alleged cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation.'' (*Lee* v. *Hensley*, 103 Cal.App.2d 697, 709 [230 P.2d 159]; *Neal* v. *Bank of America, supra*, 93 Cal.App.2d 678, 682.)

In ruling upon the defendants' demurrer to the amended complaint the trial court was entitled to refer to the inconsistent allegations in the original complaint and, under the circumstances, was authorized to sustain the demurrer without leave to amend. (*Tognazzi* v. *Wilhelm, supra*, 6 Cal.2d 123, 126; *Hicks* v. *Corbett, supra*, 130 Cal.App.2d 87, 89; *Payne*

v. *Bennion, supra,* 178 Cal.App.2d 595, 603; *Lee* v. *Hensley, supra,* 103 Cal.App.2d 697, 708.)

The judgment is affirmed.

Griffin, P. J., and Brown (G.), J., concurred.